## BURNS v. THE STATE.

1. The several acts which authorise a court to tax a prosecutor, with the costs of the prosecution, extend to cases of misdemeanor only, and even in such, the record must disclose that the prosecution appeared to the court to be frivolous or malicious.

WRIT of Error, allowed by the Chief Justice, to the Circuit Court of Benton county

The plaintiff in error was the prosecutor of a certain individual indicted for petit larceny. He was acquitted of the charge, and the court, after rendering its judgment on the verdict of not guilty, proceeded, on the motion of the counsel for the person thus discharged, to render judgment against the prosecutor for the costs, for which the execution was directed to issue.

The object of the writ of error is to reverse or set aside this conviction.

Rice and Peck, for the plaintiff in error—cited, Digest 122, § 55; ib. 452, § 8.

Martin and Stone, *contra*.

The Attorney General considering the case as between the prosecutor and the defendant to the indictment, declined to argue it.

GOLDTHWAITE, J.—We have two enactments upon the subject of taxing prosecutors with costs; the first was passed in 1807, and directs that whenever the State shall fail upon the prosecution of any offence of an inferior nature, the court, at its discretion, may order the costs to be paid by the prosecutor, in case such prosecution shall appear to have been frivolous or malicious; the other is an act of 1811, which imposes the duty on the attorney general, to mark on all bills of indictment the name of the prosecutor, and if the State shall fail in the prosecution, it is made the duty of the court, if the prosecution appears frivolous or malicious, to order the prosecutor to pay costs.

We think both of these enactments were intended to apply to the same class of prosecutions, notwithstanding the generality of the terms used in the latter act. This appears from the fact that it is the duty of the public solicitor to cause the proper investigation to be made with respect to all crimes, as distinguished from trivial misdemeanors, whether a prosecutor does or does not appear. [Digest 46, § 3.] It is not a just conclusion that offences against the morals of a community are allowed to escape a prosecution, unless there is some private prosecutor. Doubtless then, in both of these statutes it was intended to prevent frivolous or malicous prosecutions, for that class of misdemeanors affecting individuals only, and of the class also that the prosecutor and defendant would be allowed to compound under the leave of the court.

But even as to them the authority of a court is limited to cases which shall appear to be frivolous or malicious, and in order to support a summary conviction for costs in any prosecution, the reason must be stated and shown upon the record. We can conceive of no judgment whatever, which can be rendered by a

court, without a sufficient reason appearing for it, and the present does seem to be a case of exception to the general rule.

If, however, it was entirely unnecessary in any case to which these statutes apply, to set out the grounds of the conviction for costs, the judgment here could not be sustained, as the offence prosecuted was not within the classes intended to be covered.

The conviction must be reversed, and the judgment for costs vacated.