## WILSON v. AULD, EX'R.

1. The judgment entry recited, that the defendant's attorney moved to quash the execution and return "on the ground of irregularity, the same having been issued contrary to law, to an improper officer, and the return having been made by an officer legally incompetent to act in the premises ; being seen and heard by the Court, the same is granted, and the execution and return accordingly quashed."—*Held*, that the reasons stated in the motion to quash are conclusions of law, without any affirmation of fact on which they rest; and the execution appearing upon its face to be regular, and there being nothing upon the record to show that it was addressed to, or executed by an improper officer, the judgment by which it was quashed cannot be sustained.

Writ of Error to the County Court of Mobile.

IT appears from the record in this case, that the plaintiff recovered a judgment against the defendant, in his representative character, and that an execution issued thereon, addressed " to any sheriff," &c., requiring to be made the amount, &c., adjudged to the plaintiff, of the goods and chattels of the testator in the defendant's hands, to be administered, &c. This execution appears by the indorsement thereon, to have been received by the sheriff of Mobile, who returned the same " no property found," &c.

In the transcript there is an order in these words : " Levin J. Wilson v. Alexander Auld, executor. This day came the parties, by their attorneys, and the motion of the defendant's attorney to quash the execution and return in this case, on the ground of irregularity, the same having been issued contrary to law, to an improper officer, and the return having been made by an officer legally incompetent to act in the premises, being seen and heard by the Court, the same is granted, and the execution and return accordingly quashed." It is here assigned for error, that the County Court, without any sufficient reason, quashed the execution.

J. A. CAMPBELL for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—The execution in question is regular on its face, and there is nothing to show that it was addressed to, or executed by, an improper officer. If the sheriff had an interest that disqualified him from acting in the case, the party objecting to the irregularity of the proceeding, should have caused the fact to be stated affirmatively on the record. The general reasons stated in the motion to quash, viz: irregularity, and the direction to an officer legally incompetent, are mere conclusions of law, without any affirmation of fact on which they can rest. The judgment of the Court is at most a mere assent that the motion should be granted, and an order accordingly. We often make intendments to sustain judgments in suits prosecuted in the ordinary mode of procedure, where there is something of which such an intendment may be predicated, or it is not inconsistent with the record. But in cases

like the present, the same liberal presumptions are not indulged; and if they were, there is nothing but the order upon the motion and the execution itself to which we can look.

In Burns v. The State, (5 Ala. Rep. 227) the Circuit Court taxed the prosecutor with the costs, but the judgment did not state, it appeared to the Court, that the prosecution was frivolous and malicious. This Court said, "in order to support a summary conviction for costs in any prosecution, the reason must be stated and shown upon the record. We can conceive no judgment whatever, which can be rendered by a Court, without a sufficient reason appearing for it; and the present does not seem to be a case of exception to the general rule."

The case cited is an authority in point, and shows that the order quashing the execution was irregular, and it is consequently reversed.