## TUCK v. THE STATE.

1. The statutes of this State authorizing Courts to tax prosecutors with costs whenever the prosecution is frivolous or malicious, extends only to misdemeanors, and does not warrant such a taxation in a prosecution for grand larceny.

Writ of error to the Circuit Court of St. Clair.

AT the spring term for the year 1845, J. C. was tried upon an indictment for grand larceny, found at the spring term 1843, and acquitted. After the acquittal, on motion of the Attorney General, the Court taxed Tuck, who, as the entry asserts, was the prosecutor in the case, with the costs, the prosecution appearing to the Court to be frivolous and malicious.

It is now complained, that in prosecutions for felony, the Circuit Court is not invested with this authority.

F. W. BOWDON, for the plaintiff in error, cited Burns v. The State, 5 Ala. Rep. 227.

ATTORNEY GENERAL, contra, cited the Acts of 1803, Laws of Ala. 216; of 1801, Ib. 223; of 1807, Ib. 391, of 1826, p. 79; and insisted the last act was passed to cover the ground not occupied by the preceding acts, and to extend the power of the judges over *all* prosecutions.

GOLDTHWAITE, J.—The only difference between this prosecution and that acted on by this Court in Burns' case, 5 Ala. Rep. 227, is, that then the Court acted on the motion of the in-

dividual indicted, and the record did not show affirmatively that the prosecution was frivolous or malicious; whilst here the motion is made by the Attorney General, and the record shews that the Court considered the prosecution both frivolous and malicious. The act of 1826 has been called to our attention, but its terms are no more general than the previous statutes contain. The act evidently treats throughout of misdemeanors as distinguished from crimes. The first section provides that grand juries shall not be continued in session for more than four days, unless cause be shown to the Court for the detention. The next is the one supposed to bear on this case, but it evidently refers to laws then in existence, and makes it the duty of the Court, with or without a motion to that effect, to tax the prosecutor with the costs, in all cases in which the prosecution shall appear to be either frivolous or malicious. Mr. Aikin in his Digest, notices the statute, and incorporates it in the general law, as effective only to invest power in the Court, *with or without motion,* to tax, &c., (Aik. Dig. 123, § 55;) and in the same way it is carried into our present Digest, by Gov. Clay. [Clay's Dig. 482, § 37.]

We have given this matter more consideration than we should have done, but from the circumstance that it is supposed this discretion to tax the prosecutor is proper, to put down frivolous and malicious prosecutions of all kinds and description. This, perhaps, is the appropriate province of a grand jury, in offences of a criminal character, as well as in misdemeanors; but in the latter cases only, in our judgment, has the laws of the country invested the Courts with power to tax the costs. The policy of any enactment giving this discretion beyond offences of a minor grade may well be questioned; as tending either to prevent prosecutions which should be originated, or in letting off too easily such individuals as might conspire to alledge crime against innocent persons.

The judgment awarding the costs must be reversed, as having been rendered without warrant of law.