# City Council of Montgomery *v.* Foster.

*Liability of Municipal Corporation for Costs.*

*Costs; when not taxed against municipal corporation.*—Costs accruing in the circuit court on appeal to it, by one fined for violation of a municipal ordinance, passed for the preservation of peace and the protection of life, &c., can not be taxed against the municipal corporation, under the general law of costs.

APPEAL from Circuit Court of Montgomery.
Tried before Hon. JAS. Q. SMITH.

The appellee Foster was fined one hundred dollars in the mayor's court, under the provisions of an ordinance of the

[City Council of Montgomery v. Foster.]

city, for resisting an officer. He appealed to the circuit court, in which court, on motion of Foster, the case was dismissed, and the costs taxed against the appellant. The appellant moved to have the judgment entered without costs, which was refused; hence this appeal.

ELMORE & GUNTER, for appellant.—The city council is not liable to be taxed with costs in cases of this kind. This is not a civil proceeding and there is no law authorizing costs to be taxed in it, if it is a criminal proceeding. On grounds of public policy the city should be exempt from payment of costs in a case of this kind.—See observations of SHAW, C. J., in 13 Pickering 504; *Mayor v. Barton*, 47 Ala. 84; 11 N. H. 106.

RICE, JONES & WILEY, *contra*.

BRICKELL, C. J.—At common law costs were not recoverable by either party, in any case civil or criminal. They are given by statute, and it is declared "the law of costs must be deemed and held a penal law, and no fee must be taken but in cases expressly provided by law."—R. C. § 3534; *Stewart v. Hood*, 10 Ala. 600; *Lee v. Smyley*, 16 Ala. 773; *Dent & McGruder v. State*, 42 Ala. 514; *Tuck v. State*, 8 Ala. 664.

The ordinances of a municipal corporation are *punitive* regulations, and the object of a proceeding for a violation of them is not redress for a civil injury, but the punishment of an offender against the peace and good order of society. The violation is punished by fine, or by corporal punishment, and the fine is payable into the municipal treasury, not appropriated to the compensation of individual injury, suffered from the offense. The prosecution for the violation cannot be instituted otherwise than by the corporate authorities, and however grievous the wrong inflicted on an individual, is not within his control. Hence, a prosecution for a violation of a municipal ordinance, designed for the preservation of the public peace, the security of person or property, or the protection of public morals, has been several times declared by this court, a *quasi* criminal proceeding, and not a civil suit or action.— *Withers v. State*, 36 Ala. 252; *Brown v. Mayor of Mobile*, 23 Ala. 722; *Furhman v. Mayor, &c.*, present term.

The only statute which can be supposed to authorize the imposition of costs on municipal corporations on an unsuccessful prosecution for violation of its ordinances, is § 2779 of the Revised Code, giving costs as a matter of right to the

successful party in civil actions at law. The prosecution not being a civil action, does not fall within this statute, and extending it by construction to such a prosecution, would be inconsistent with the statutory declaration that the law of costs is to be deemed penal.

In the imposition of costs on the appellant the circuit court erred, and its judgment is reversed and the cause remanded.