# Town of Camden *v.* Bloch.

## *Certiorari on Judgment of Municipal Court.*

1. *Certiorari ; what is revisable on.* —Under the common-law writ of *certiorari,* when issued to revise the proceedings of an inferior tribunal, the jurisdiction of the court, and the regularity of its proceedings—that is, errors of law apparent on the record—are revisable ; but the trial is not *de novo,* and conclusions of fact can not be reviewed.

2. *Same ; lies when, to judgment of municipal court.*—When the charter of a municipal corporation does not provide for an appeal from the judgment of the mayor or intendant, in a *quasi*-criminal proceeding for the violation of a municipal ordinance, the common-law writ of *certiorari,* from the Circuit Court, is the appropriate remedy to revise such proceedings.

3. *Proceeding for violation of municipal ordinance ; want of affidavit and warrant; parol evidence in aid of record.*—When such proceedings are removed into the Circuit Court by *certiorari,* the failure of the record to show the affidavit and warrant, by which the prosecution was commenced, is a defect for which the proceedings should be quashed ; and the defect can not be cured by extrinsic parol evidence in aid of the record.

[Town of Camden v. Bloch.]

4. *Substitution of lost records.*—Every court has the inherent power to substitute or supply its records, when they have been lost or destroyed; but this power belongs only to the court whose records they were, and can not be exercised by an appellate tribunal, to which a cause or proceeding may have been removed by appeal or *certiorari.*

5. *Same; special certiorari to perfect record; continuance.*—In such case, the substitution or amendment being made in the court below, while the cause is pending in the appellate tribunal, a special *certiorari* should be awarded to bring it up, and the cause should be continued, in the discretion of the court, to permit the perfected record to be brought up; but the action of the court on the motion for such continuance is not revisable on error.

6. *Costs; liability of municiapal corporation for.*—On grounds of public policy, costs can not be taxed against a municipal corporation, when proceedings had before the mayor's court, for the violation of a municipal ordinance, are removed by *certiorari* into the Circuit Court, and there quashed; and the question is properly raised by an exception, noted only in the judgment-entry.

7. *When appeal lies.*—By the settled practice of this court, an appeal lies in favor of a municipal corporation, from a judgment of the Circuit Court, quashing the judgment of the mayor's court in a *quasi*-criminal proceeding for the violation of a municipal ordinance.

APPEAL from the Circuit Court of Wilcox.

Tried before Hon. JOHN K. HENRY.

The appellee in this case, Albert D. Bloch, was arrested under a warrant issued by the intendant of the town of Camden, charged with the violation of a municipal ordinance; and was fined $2.50, besides costs, amounting in all to $10.75. He thereupon removed the proceedings, by *certiorari*, into the Circuit Court, alleging that the charter of the town made no provision for an appeal; and in return to the writ of *certiorari*, the intendant certified the following, as the entire record of the cause : " *Town of Camden v. Albert D. Bloch.* Assault and battery. Affidavit made, and warrant issued, February 19, 1876. Defendant arrested and brought before intendant, February 19, 1877. Continued until 3 o'clock, February 20, 1877. Defendant convicted of assault and battery, and fined $2.50; intendant, $3.50; marshal, $3.25; witnesses, $1.50 : total, $10.75." And he added in his certificate, "There is no papers, or anything else in my office, pertaining to said case."

On this return, the defendant moved to quash the proceeding, and to discharge him, "because the record fails to show that there is any charge against him; and because there is no charge against him; and because there is nothing to show upon what charge he was arrested; and because the record shows there is no affidavit charging him with any offense; and because there is in the record no charge which he can be called upon to answer, or to which he can plead." At the same time, the plaintiff submitted a motion to perfect the record sent up on return to the *certiorari*, " by supplying the affidavit and warrant of arrest, the same hav-

[Town of Camden v. Bloch.]

ing been mislaid, lost, or destroyed "; which motion was continued until the next term, and then overruled.

The cause being continued until the next term, the plaintiff, "for answer to said motion to quash and dismiss," alleged that, "since the last term, the affidavit and warrant of arrest in said cause, which were lost or destroyed, and have never been certified to this court as a part of the record, have been substituted, and have been duly certified to this court by the intendant, as a part of the record in said cause, and are now on file in this court "; 2d, "that the original affidavit and warrant of arrest in said cause have been lost or destroyed, and there is now pending in this court a motion to substitute the same "; 3d, "that the original affidavit and warrant of arrest in this case have been lost or destroyed, and the plaintiff is now ready to supply said loss by the substitution of copies of said affidavit and warrant, which copies are now on file in this court. " An amended "answer, or plea, " as it is called, was afterwards filed, in substance as follows : 4. Since this court took jurisdiction of this cause, the affidavit and warrant of arrest have been lost or destroyed ; and as part of the record of the cause in this court, the plaintiff is now ready, and moves to supply said loss, by the substitution of copies of said affidavit and warrant. 5. That the affidavit and warrant of arrest were papers belonging to the files and records of this court after the service of the *certiorari* on the intendant, and have been lost or destroyed since that time ; and that the plaintiff is now ready and proposes to supply their loss by substituting copies. " To these several answers, or pleas, the defendant demurred, assigning as causes of demurrer to the first—"because it is no answer to said motion ; and because said intendant had no right to substitute said affidavit and warrant ; and because the cause was pending in this court when said substitution was made ; and because said intendant can not add to the record in this case ; and because said intendant had no authority to certify to this court any proceedings had by him in said cause since it was removed to this court. " To the second, "because it is no answer to the motion to quash and discharge ; and because it does not show that this court has any jurisdiction to substitute said papers alleged to be lost. " To the third, "because the plaintiff has no right to supply copies of the papers alleged to be lost; and because said answer does not show that any order for the substitution of said papers has been made by any court having authority to make it. " To the fourth, "because it does not show that the papers alleged to be lost were ever on file in this court ; and

[Town of Camden v. Bloch.]

because it does not show that said papers were ever part of the record in this court ; and because it does not show that said · alleged lost papers were returned to this court in answer to said writ of *certiorari.* " And to the fifth, " on same grounds as the fourth." The court sustained each of these demurrers, and the plaintiff declined to plead or answer further. The defendant then offered in evidence his petition for the *certiorari,* the writ itself, the service by the sheriff, and the return to the writ by the intendant ; "and proved by the clerk of said court, that said affidavit and warrant of arrest had never been certified to this court, and had never been on file therein as a part of the record in said cause. This was all the evidence introduced by the defendant on his said motion ; and the plaintiff thereupon moved to dismiss the proceeding by *certiorari,* because the evidence of the facts adduced on the trial of said cause before the intendant had not been certified to this court ; which motion the court overruled, and the plaintiff excepted. The court then rendered judgment, discharging said defendant ; to which the plaintiff excepted. " The judgment-entry is in these words : " It is therefore considered by the court, that the defendant be discharged, and go hence without day, and recover of the town of Camden the costs of this suit, for which let execution issue ; to which judgment of the court the plaintiff excepts. "

The rulings on the demurrers, the overrulings of plaintiff's motion to dismiss.the *certiorari,* and the judgment rendered, are now assigned as error. The appellee submitted a motion to dismiss the appeal.

R. GAILLARD, and J. T. BECK, for appellant.

S. J. CUMMING, and COCHRAN & DAWSON, *contra.*

SOMERVILLE, J.—The supervisory power of a superior over an inferior legal tribunal, by means of *a common-law* writ of *certiorari,* extends only to questions touching the *jurisdiction* of the subordinate tribunal, and the *regularity* of its proceedings. The appropriate office of the writ is to correct errors of *law,* apparent on the face of the record. Conclusions of fact can not be reviwed, unless specially authorized by the statute. The trial is not *de novo,* but on the record ; and the only matter to be determined is the quashing, or the affirmation, of the proceedings brought up for review.—*Dean v. State,* 63 Ala. 153; *Ex parte Madison Turnpike Co.,* 62 Ala. 93; *Andrews v. Andrews,* 14 N. J. (Law) 141. And it has been held, that the validity of acts of municipal cor-

porations, and special tribunals, may be tested by *certiorari*, whether such acts are judicial or legislative.—*Camden v. Mulford*, 26 N. J. (Law) 49.

The charter of the town of Camden, as found in the Acts of 1857–58, p. 225, provides for no appeal from proceedings before the intendant, and hence this remedy was the appropriate one, and was properly resorted to by the appellee, for the purpose of having such proceedings subjected to revision by the Circuit Court.—*Dean v. State, supra ; City Council of Montgomery v. Foster*, 54 Ala. 62.

The omission of the affidavit and warrant from the record under which Bloch, the appellee, was arrested and tried before the intendant, was a defect, for which a motion to quash would properly lie. The record could not be aided or supplemented by extrinsic parol evidence. The pleas filed by appellant to this motion raised the question as to the proper method of perfecting the record, so as to introduce this affidavit and warrant, which were alleged to have been mislaid or lost in the intendant's court.

The power of courts to substitute or supply their own lost or destroyed records is inherent, and exists independently of any statute, being requisite in order to " minister ample justice to all persons according to law. " This right exists, however, only in the court whose record or papers it is proposed to restore. There was no error in the refusal of the Circuit Court to substitute the lost papers. The proper practice would have been, to have the defect corrected, on motion after reasonable notice, in the primary court, and then to apply for a *special certiorari* to the Circuit Court, alleging the particular matter proposed to be incorporated in the record. The case should then have been continued, within the discretion of the circuit judge, until reasonable time was afforded to enable the intendant to make his return to the writ.—*Townsend v. Jeffries' Adm'r*, 24 Ala. 224 ; *Drake and Wife v. Johnson & Seats*, 50 Ala. 1 ; Freeman on Judgments, p. 81, § 89. We can not see, from the transcript of the cause, that exactly this course was proposed to be pursued; nor, had it been otherwise, was the failure of the Circuit Court to continue revisable error. Applications for continuance are addressed to the sound discretion of the primary court, and are not the subject of revision in the appellate court.—1 Brick. Dig. p. 774, § 2.

The rulings of the Circuit Court on the demurrer are not in conflict with these principles, and are sustained.

The lower court erred, however, in taxing the appellant with the costs ; and the record shows there was a sufficient objection to this, on the part of the appellant. No motion

[Means v. Hicks' Adm'r.]

was necessary to have the judgment entered without costs, as the judgment-entry shows a specific exception to such taxation. It has been correctly held by this court, that municipal corporations are not, on grounds of public policy, liable for costs accruing in cases of this character. Such municipalities are subdidisions of the political organization of the State, and the proceedings in question were designed for the preservation of the public peace.—*City Council of Montgomery v. Foster*, 54 Ala. 62.

It is òbjected by the appellee's counsel that, as the State is denied the right of appeal in criminal prosecutions by statute, the same rule ought to apply to municipal corporations. This is only a *quasi*-criminal case, and the appellant here is not the State. The practice in this court has uniformly permitted such appeals, and we are not disposed to disturb it.—*Intendant and Council of Maricn v. Chandler*, 6 Ala. 899 ; *City Council of Montgomery v. Foster*, 54 Ala. 62.

The judgment is reversed, and the cause remanded.