# Felis & Co. *v.* Royal Haness & Saddlery Co.

## *Certiorari.*

(Decided Jan. 19, 1911.   54 South. 504.)

1. *Certiorari; Grounds of Issuance; Common Law Writ.*—The common law writ of certiorari reaches only the jurisdiction of the subordinate tribunal, and the regularity of its proceedings, and its office is to correct errors of law apparent on the face of the record; hence, the right to the office of justice of the peace cannot be tried on certiorari to review his judgment.

2. *Same; Justices of the Peace.*—Where the writ for the certiorari alleged that the person acting as justice of the peace was neither a de jure nor a de facto officer, and that the judgment was rendered by him as a justice of the peace of the county, the writ was properly refused, since if the person acting as a justice of the peace had no authority or apparently no authority, certiorari was not the proper remedy, and as no error is shown in the proceeding on the face of the record, the writ was properly denied, even if he assumes to act as justice under some bona fide color of title.

3. *Same; Errors in the Admission of Evidence; Review.*—If errors were committed in the admission of evidence in a trial before a justice of the peace, such errors cannot be reviewed unless by appeal, or if the right of appeal is lost, without fault, the cause may be removed by statutory certiorari; but in either event, the cause is removed from the court trying it to a superior trial court for a trial de novo.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Petition by N. Fellis & Company for a common law writ of certiorari to review the action of F. T. Perkins in rendering a judgment against petitioner and in favor of respondent. From a judgment denying petition and quashing the writ, petitioner appeals. Affirmed.

KRUEMPEL & WALSH, for appellant. The writ should have been granted on the averments of the petition.— *Shulte v. Wilke,* 52 So. 526; *Beach v. Lavender,* 138 Ala. 456. Perkins was not a justice of the peace either

[Felis & Co. v. Royal Harness & Saddlery Co.]

de facto or de jure, and his judgment was, therefore, absolutely void and common law certiorari is the only method to review and quash same.—*Tallassee Falls v. Jones,* 128 Ala. 424; *Stewart v. Cox,* 130 Ala. 676; *Cushman v. Com. Ct.,* 49 So. 311; *Independent P. Co. v. Am. Pr. Assn.,* 102 Ala. 475; *McAllilly v. Horton,* 75 Ala. 491; *Camden v. Bloch,* 65 Ala. 236, and authorities supra. It was shown that Perkins was neither a de jure nor a de facto officer, and hence, a case of unlawful assumption of authority is presented.—Authorities supra. The court takes judicial knowledge of who are commissioned officers of the county.—*Russell v. Railway Co.,* 137 Ala. 627; *Sandlin v. Anderson,* 75 Ala. 403; *Coleman's Case,* 63 Ala. 93.

HOGAN & STEELE,, for appellee. Perkins was at least a de facto officer at the time of the rendition of the judgment complained of.—*Cary v. The State,* 76 Ala. 78; *Thorington v. Gould,* 59 Ala. 690; *Rex v. Bedford,* 6 E. 356; *State v. Carroll,* 9 Am. Rep. 409. There is no distinction in law between the acts of a de facto and a de jure officer.—*Logan v. The State,* 149 Ala. 11; *Cary v. The State, supra; Joseph v. Cawthorn,* 74 Ala. 411; 173 U. S. 452. Hence, the writ was properly quashed on that allegation of the petition. If Perkins was neither a de jure nor a de facto officer, then common law certiorari would not lie.—*Dean v. The State,* 63 Ala. 153; *Camden v. Bloch,* 65 Ala. 236; *McAllilly v. Horton,* 75 Ala. 491; *Cushman v. Com. Ct.,* 49 So. 311; *Beach v. Lavender,* 138 Ala. 406; 94 U. S. 258; 30 S. E. 948; 1 Hill 674; 42 Atl. 852. Certiorari will not issue to inquire into title to office.—6 Cyc. 758.

SAYRE, J.—Upon hearing appellant's petition for a common-law writ of certiorari, which sought to re-

view the action of F. T. Perkins in rendering what purported to be a judgment against the petitioner, a formal judgment was passed in the law and equity court denying the writ.

The common-law writ of certiorari is one of the means by which the supervisory jurisdiction of superior tribunals is exercised over inferior, reaching only to the jurisdiction of the subordinate tribunal and the regularity of its proceedings.—*Camden v. Bloch,* 65 Ala. 236; *McAllilley v. Horton,* 75 Ala. 491. The office of the writ is to correct errors of law apparent on the face of the record. The petition states that Perkins was neither a de jure nor a de facto justice of the peace. In that case his so-called judgment was brutum fulmen, having no authority or appearance of authority. There was no record—nothing to review—and the writ of certiorari was properly denied.

But the petition also states that the judgment against the petitioner was rendered by "Perkins as justice of the peace of said county." If this be taken to mean that Perkins was assuming to act as a justice of the peace under some bona fide color of authority, and so was a de facto justice of the peace, still the writ was well refused, for the reason that no error is shown on the face of the record. Errors committed in the admission of evidence, such as are alleged in the petition, do not appear upon the record, nor do they show any abuse or excess of jurisdiction. Such errors are not to be reviewed, unless by appeal, or, if the right of appeal be lost without fault, then by statutory certiorari, the cause being removed to the superior court in either case for trial de novo.—*Camden v. Block,* 65 Ala. 236; *A. G. S. R. R. Co. v. Christian,* 82 Ala 307, 1 South. 121.

If the purpose was to try Perkins' right to the office of justice of the peace, that was a purpose which could not be served by the writ of certiorari.—6 Cyc. 758.

The judgment of the court below is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.