49 So.2d 227

**KEITH v. CITY OF BIRMINGHAM.**

**6 Div. 145.**

Supreme Court of Alabama.

Nov. 24, 1950.

Roger F. Rice, of Birmingham, for petitioner.

Chas. H. Brown and J. Reese Johnston, Jr., of Birmingham, opposed.

SIMPSON, Justice.

The two propositions reviewed and decided by the Court of Appeals are, first, that § 1329 of the General City Code of Birmingham, under which the prosecution of the case was undertaken, was valid; and, second, that the circuit court of Jefferson County had jurisdiction of the cause.

Review here is limited to these two questions, since matters not considered and treated by the Court of Appeals are not within the purview of review by certiorari. Ex parte Stephenson, 252 Ala. 316, 40 So. 2d 716; Harris v. State, 247 Ala. 194, 23 So.2d 514; Pool v. Hart, 222 Ala. 232, 132 So. 59; Ballard v. State, 219 Ala. 222, 121 So. 502.

The Court of Appeals correctly held that § 1329, banning the parking of vehicles between the hours of seven a. m. and seven p. m. for a continuous period of more than one hour within certain areas of the City of Birmingham, was clearly within the police power of the city. Title 37, § 455; Title 62, § 654; Title 36, § 52, Code 1940.

The Court of Appeals was also correct in the holding that the circuit court

488

had jurisdiction of the case on appeal from the recorder's court. The case was triable de novo in the circuit court. All of the requisite recitals necessary to put the case in the circuit court and give it jurisdiction appeared in the appeal bond given by the defendant, who appealed 'from the recorder's court, and from aught appearing of record the proceedings in the circuit court were regular. City of Birmingham v. Reed, Ala.App., 44 So.2d 607, (12), certiorari denied 253 Ala. 414, 44 So. 2d 614; Title 37, § 587, Code 1940.

Writ denied.

FOSTER, LAWSON, and STAKELY, JJ., concur.