61 So.3d 1058 (2010)
L.E.O. and P.O.
v.
A.L. and J.I.P.
2080395.
Court of Civil Appeals of Alabama.
November 12, 2010.
*1059 Joan-Marie Dean, Huntsville, for appellants.
Christina L. Dixon, Huntsville, for appellees.

On Remand from the Alabama Supreme Court
MOORE, Judge.
This court's prior judgment has been reversed, and the cause remanded with instructions by the Supreme Court of Alabama. See Ex parte L.E.O., [Ms. 1090565, Sept. 17, 2010] 61 So.3d 1042 (Ala.2010). On remand to this court, and in compliance with the supreme court's opinion, we hereby reverse the judgment of the juvenile court, remand the case to the juvenile court, and instruct that court to enter a finding that the child is dependent and to conduct further proceedings consistent with the opinion of the supreme court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, with writing.
MOORE, Judge, concurring in the result.
Because this court is constrained to follow the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, I agree that this court has no choice but to reverse the judgment of the Madison Juvenile Court ("the juvenile court") and to remand the case to the juvenile court with instructions for that court to enter a judgment finding the child dependent and to conduct further proceedings consistent with the supreme court's opinion in Ex parte L.E.O., [Ms. 1090565, Sept. 17, 2010] 61 So.3d 1042 (Ala.2010). However, I believe that the supreme court's opinion in Ex parte L.E.O. raises serious jurisdictional and due-process concerns that compel comment.
Before the creation of our present Unified Judicial System, the Supreme Court of Alabama could review and revise decisions of the Alabama Court of Appeals, "a court of final appellate jurisdiction," Department of Industrial Relations v. Walker, 268 Ala. 507, 510, 109 So.2d 135, 138 (1959), only through a petition for a common-law writ of certiorari, see Works v. State, 278 Ala. 18, 19, 174 So.2d 697, 698 (1965).
"Certiorari at common law was an original writ issuing out of Chancery, or the King's Bench, directed in the King's name, to the agents or officers of inferior courts, commanding them to return the record of the cause pending before them, to the end that the party may have the more sure and speedy justice before him, or such other justice as he shall assign to determine the cause."
Cushman v. Commissioner's Court of Blount County, 160 Ala. 227, 229-30, 49 So. 311, 312 (1909).
"The common-law writ of certiorari is one of the means by which the supervisory jurisdiction of superior tribunals is exercised over inferior [tribunals], reaching only to the jurisdiction of the subordinate tribunal and the regularity of its proceedings. . . . The office of the writ is to correct errors of law apparent on the face of the record."
Felis & Co. v. Royal Harness & Saddlery Co., 170 Ala. 160, 162, 54 So. 504, 504 (1911); see also Ex parte Hennies, 33 Ala. App. 377, 379, 34 So.2d 22, 23 (1948) ("Certiorari at common law was an original writ issued out of a superior, to an inferior court, to bring up the record and determine, from an inspection thereof, whether the judgment of the inferior court was erroneous or without authority."). "[T]he only matter to be determined is the quashing, *1060 or affirmation, of the proceedings brought up for review." Jefferson County v. Berkshire Dev. Corp., 277 Ala. 170, 173, 168 So.2d 13, 16 (1964).
The supervisory jurisdiction of the supreme court on a petition for the common-law writ of certiorari was restricted "to an examination into the external validity of the proceeding had in the lower tribunal. It [could not] be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case." Alabama Elec. Coop., Inc. v. Alabama Power Co., 278 Ala. 123, 126, 176 So.2d 483, 485 (1964). When reviewing the decisions of the Court of Appeals, the supreme court generally considered the "record" to consist solely of the opinion expressed by the Court of Appeals. See Clayton v. Ragsdale, 276 Ala. 321, 322, 161 So.2d 804, 805 (1964). The supreme court ordinarily did not call up the trial-court record to ascertain the facts of the case, see Waldrop v. State, 223 Ala. 413, 413, 136 So. 736, 737 (1931); rather, it bound itself to the facts as stated by the Court of Appeals, preventing it from considering any evidence not cited by the Court of Appeals. Ragsdale, supra. Moreover, the supreme court reviewed only the published opinion of the Court of Appeals to determine if that court had acted without jurisdiction or had committed error in applying the law. See Fairbanks Morse & Co. v. Dees, 220 Ala. 41, 43, 126 So. 624, 625 (1929). If the Court of Appeals did not issue a published opinion, the petition would be denied because there would be "[n]othing being presented for review." Lawson v. State, 219 Ala. 461, 461, 122 So. 467, 467 (1929); see also Rogers v. State, 223 Ala. 53, 53, 134 So. 813, 814 (1931); and Jones v. State, 225 Ala. 398, 398, 143 So. 837, 837 (1932). Likewise, if the Court of Appeals issued an opinion that did not address a particular legal issue, the supreme court could not review any question of law regarding that issue through a petition for a common-law writ of certiorari. See Cranford v. National Surety Corp., 231 Ala. 636, 637, 166 So. 721, 721-22 (1936); City of Birmingham v. Norwood, 220 Ala. 497, 499, 126 So. 619, 621 (1930); and La Rue v. Loveman, Joseph & Loeb, 220 Ala. 2, 3, 127 So. 241, 243 (1929).
Based on the foregoing limitations of review on a petition for the common-law writ of certiorari, the supreme court promulgated a rule that, in order to invoke the certiorari jurisdiction of the supreme court over the Court of Appeals, a petitioner had to file a brief pointing out the specific errors appearing on the face of the opinion of the Court of Appeals. Davenport-Harris Funeral Home, Inc. v. Chandler, 264 Ala. 623, 624, 88 So.2d 878, 879 (1956) (citing Rule 39, Ala. Rev. Rules of Court, Code 1940, Tit. 7, Appendix). The supreme court also held that, on certiorari review, the supreme court would consider only questions treated in the opinion of the Court of Appeals that were challenged in the petition and that were argued in the brief filed in support of the petition. Kelley v. Osborn, 269 Ala. 392, 392, 113 So.2d 192, 192 (1959).
In 1969, the legislature created the Alabama Court of Civil Appeals. Ala. Acts 1969, Act No. 987, p. 1744, § 3. Four years later, in 1973, the Judicial Article of the Constitution of Alabama of 1901 was amended to create the Unified Judicial System of the State of Alabama. Art. VI, § 149, Alabama Const, of 1901 (Off.Recomp.); see also City of Bessemer v. McClain, 957 So.2d 1061, 1091 (Ala.2006). That amendment vested the Alabama Court of Civil Appeals with appellate jurisdiction "under such terms and conditions as shall be provided by law and by rules of the supreme court." Alabama Const, of 1901, Amend. No. 328, § 6.03(b) (now Art. VI, § 141(b), Alabama Const, of 1901 *1061 (Off.Recomp.)). The supreme court has since provided that appeals from judgments entered in juvenile dependency proceedings shall be to the Alabama Court of Civil Appeals if a record is properly certified as adequate for appellate review. See Rule 28(A)(1)(a) and (A)(2), Ala. R. Juv. P. Hence, today, the Alabama Court of Civil Appeals has final appellate jurisdiction over dependency judgments entered by juvenile courts.
The supreme court does not have appellate jurisdiction over the Court of Civil Appeals. See Jerome A. Hoffman, Alabama Appellate Courts: Jurisdiction in Civil Cases, 46 Ala. L.Rev. 843 (Spring 1995). The amended Judicial Article of the Constitution of Alabama of 1901 grants the Supreme Court of Alabama the power to issue such remedial writs or orders as may be necessary to give it general supervision and control of courts of inferior jurisdiction. Art. VI, § 140(b), Alabama Const, of 1901 (Off.Recomp.). The legislature has codified that constitutional power in § 12-2-7(3), Ala.Code 1975, in which it is provided that the supreme court shall have the authority "[t]o issue writs of injunction, habeas corpus, and such other remedial and original writs as are necessary to give to it a general superintendence and control of courts of inferior jurisdiction." The "remedial writs" to which the Constitution and § 12-2-7(3) refer are those supervisory writs recognized by the common law of England. Ex parte Louisville & Nashville R.R., 176 Ala. 631, 662-75, 58 So. 315, 323-30 (1912) (Mayfield, J., concurring specially) (construing phrase "such other remedial and original writs," when referring to power of supreme court to supervise and control court of appeals, as authorizing review by certiorari and other common-law writs); see also Ex parte Nice, 407 So.2d 874, 877 n. 2 (Ala.1981); and Hanvey v. Thompson, 286 Ala. 614, 617, 243 So.2d 748, 751 (1971). Thus, a party aggrieved by a judgment of the Alabama Court of Civil Appeals affirming a dependency judgment entered by a juvenile court may not seek review and revision of that judgment through an appeal to the Supreme Court of Alabama, Hoffman, supra at 867; he or she may seek review and revision of that judgment only via a petition for the common-law writ of certiorari, see Rule 39, Ala. R.App. P., the same revisory writ that was at one time applicable to judgments of the former Alabama Court of Appeals.
The basic nature of the common-law writ of certiorari as a vehicle for correcting external irregularities committed by an inferior court has not changed since the amendment to the Judicial Article. The Supreme Court of Alabama initially recognized that fact by reviewing decisions of the Court of Civil Appeals on a petition for the writ of certiorari as it had reviewed decisions of the Court of Appeals. See, e.g., Grant v. City of Mobile, 291 Ala. 458, 282 So.2d 291 (1973); and Life Ins. Co. of Georgia v. Miller, 292 Ala. 525, 296 So.2d 900 (1974). However, beginning in 1975, the supreme court, by amending Rule 39 of the Alabama Rules of Appellate Procedure, has, in some respects, changed the nature of its certiorari review of decisions of the Court of Civil Appeals. The supreme court now no longer generally limits its review of the decisions issued by the Court of Civil Appeals to jurisdictional and substantive legal errors appearing on the face of the opinion issued by the Court of Civil Appeals. Rule 39, Ala. R.App. P., now expressly provides that the supreme court, when determining whether the Court of Civil Appeals has erred, can consider the entire appellate record in every case, Rule 39(f), Ala. R.App. P., and that the supreme court can now review decisions of the Alabama Court of Civil Appeals issued without an opinion. See Rule *1062 39(a)(1)(D)2. and Rule 39(d)(5), Ala. R.App. P.; see also Ex parte Save Our Streams, Inc., 541 So.2d 549 (Ala.1989). The supreme court also no longer considers itself bound by the facts as stated by the Alabama Court of Civil Appeals. Rule 39(k), Ala. R.App. P. Those changes suggest that the supreme court is using some form of review of the decisions of the Court of Civil Appeals other than the review conducted pursuant to a petition for the common-law writ of certiorari it formerly employed and that the Constitution of Alabama of 1901 and § 12-2-7(3) demands.
Nevertheless, the rule remains that the scope of review for legal errors in the record "shall be that generally employed by certiorari." Rule 39(k), Ala. R.App. P. Thus, as it did before the amendment to the Judicial Article, the law continues to require that the supreme court use a writ of certiorari only to pass on legal questions treated by the Alabama Court of Civil Appeals, see Ex parte LaCoste, 733 So.2d 889, 894 (Ala.1998); and Ex parte Stewart, 518 So.2d 118, 122 (Ala.1987) (citing Keith v. City of Birmingham, 254 Ala. 487, 49 So.2d 227 (1950)), and that have been raised in the petition for a writ of certiorari and properly argued in brief. See Ex parte State Dep't of Revenue, 993 So.2d 898, 899-900 (Ala.2008); and Ex parte Franklin, 502 So.2d 828, 828 n. 1 (Ala. 1987).
Rule 39(a), Ala. R.App. P., presently limits the types of cases subject to certiorari review to five general categories, including "decisions in conflict with prior decisions of the Supreme Court of the United States, the Supreme Court of Alabama, the Alabama Court of Criminal Appeals, or the Alabama Court of Civil Appeals...." Rule 39(a)(1)(D), Ala. R.App. P. A party petitioning the Supreme Court of Alabama for a writ of certiorari on that ground must state, with particularity, in his or her petition "how the decision conflicts with a prior decision." Rule 39(a)(1)(D)2. If, upon preliminary consideration, the writ issues, the petitioner must then file a brief containing "all arguments addressing the substantive issues that the petitioner wishes the court to consider on certiorari review." Rule 39(g)(1), Ala. R.App. P. However, the supreme court will consider only those issues for which it has granted the writ of certiorari. See Marshall v. State, 884 So.2d 900, 903 (Ala.2003).
In this case, on January 29, 2010, L.E.O. and P.O. ("the petitioners") filed a petition for a writ of certiorari with the clerk of the supreme court seeking review of this court's no-opinion affirmance of a judgment of the Madison Juvenile Court ("the juvenile court") dismissing the petitioners' dependency petition relating to J.I.P., Jr. ("the child"). In that petition, the petitioners alleged that the decision of this court conflicted with our prior decisions in J.W. v. N.K.M., 999 So.2d 526 (Ala.Civ.App. 2008), O.L.D. v. J.C., 769 So.2d 299 (Ala. Civ.App.1999), A.J.H.T. v. K.O.H., 983 So.2d 394 (Ala.Civ.App.2007), T.T.T. v. R.H., 999 So.2d 544 (Ala.Civ.App.2008), and J.S.M. v. P.J., 902 So.2d 89 (Ala.Civ. App.2004), in which this court had concluded that the evidence supported a finding of fact made in a dependency proceeding that one or more parents had abandoned the child or children at issue in those cases. The petitioners asserted that, if the evidence in those cases was sufficient to find abandonment, then the similar evidence presented in the instant case should mandate a finding that J.I.P. ("the father") had abandoned the child at issue in this case. The petitioners also asserted that the juvenile court had used an incorrect standard by requiring the petitioners to prove the unfitness of the father. See W.T.H. v. M.M.M., 915 So.2d 64, 70 n. 1 (Ala.Civ. *1063 App.2005). The petitioners briefed both issues to the supreme court.
When it issued its opinion in Ex parte L.E.O., supra, the supreme court clarified that it had granted the petition for a writ of certiorari "to consider whether the Court of Civil Appeals' judgment conflicted with applicable caselaw."[1] 61 So.3d at 1043. However, nowhere in the opinion does the supreme court discuss the alleged conflict between this court's affirmance of the juvenile court's judgment and the cases cited by the petitioners in their petition for a writ of certiorari or in their accompanying brief. With one exception in a footnote, 61 So.3d at 1047-48 n.4, those cases are not even mentioned in the opinion. Instead, the supreme court first reviews the trial record to determine whether any credible evidence supports the juvenile court's factual determination that the father did not abandon the child, concluding that it does not. 61 So.3d at 1047. The court then holds:
"A child who falls into one of the categories described in [former] § 12-15-1(10)a. through m., [Ala.Code 1975,] including a child who has been abandoned, and, in that foregoing condition, is `in need of care or supervision' meets the statutory definition of a dependent child.... It is a reasonable interpretation of [former] § 12-15-1(10) to require that, in determining whether a child is 'in need of care or supervision,' the juvenile court must consider whether the child is receiving adequate care and supervision from those persons legally obligated to care for and/or to supervise the child. The child is entitled to the care or supervision from those persons with the authority to take appropriate actions on behalf of the child, such as, for example, to enroll the child in school, to authorize medical care for the child, and to obtain insurance for the benefit of the child. This interpretation comports with the purposes of the Alabama Juvenile Justice Act, now § 12-15-101 et seq., Ala.Code 1975, among which are to provide children with permanency and to foster family preservation."
61 So.3d at 1042. The supreme court ultimately holds that, because the child "had been abandoned by both persons legally obligated to care for and/or to supervise him," the juvenile court erred in failing to find the child dependent and that this court erred in affirming the judgment of the juvenile court. 61 So.3d at 1047.
Before issuing its opinion in Ex parte L.E.O., the supreme court reviewed the appellate briefs filed in this court in which the petitioners argued that the juvenile court had erred in finding no abandonment, and it also had before it our no-opinion affirmance in which we cited all the cases upon which the petitioners relied, indicating that we had reviewed them and found them not to be dispositive. That information sufficiently conveyed to the supreme court that the abandonment issue had been properly raised, argued, and adjudicated in this court. The petitioners again argued that point in their petition for a writ of certiorari and in their brief in support of that petition, thereby satisfying all the requirements for certiorari review of the abandonment issue. Hence, had the supreme court simply granted the writ of certiorari as to that issue and remanded the case with directions for this court to instruct the juvenile court to find that the father had abandoned the child within the *1064 meaning of former §§ 12-15-1(10)i. and 26-18-3(1), Ala.Code 1975, and to conduct further proceedings consistent with that instruction, the supreme court, at least arguably, would have acted in accordance with the scope of certiorari review.
However, the supreme court further addressed an issue never raised in the juvenile court, never decided by the juvenile court, never argued in brief to this court, never addressed by this court, never raised in the petition for a writ of certiorari, and never argued in the brief in support of the petition for a writ of certiorari. Specifically, the supreme court decided that a child who is abandoned by both parents with a legal obligation to care for the child is "in need of care and supervision" within the meaning of former § 12-15-1(10)n. and Ala.Code 1975, § 12-15-102(8)a. 61 So.3d at 1057.
As this court has noted, dependency consists of two prongs. A child is dependent if: (1) one or more of the circumstances set out in former § 12-15-1(10)a. through m. exists and (2) the child is "in need of care or supervision." J.W. v. N.K.M., 999 So.2d 526, 532 (Ala.Civ.App. 2008). Thus, a finding that a child has been abandoned by his or her parents must be coupled with a finding that the child is "in need of care or supervision" in order to satisfy the definition of "dependent child." See id. In Ex parte L.E.O., the supreme court decided that the second prong of dependency had been met by defining the phrase "in need of care or supervision" for the first time to refer to the care and supervision of legal custodians. See G.H. v. Cleburne County Dep't of Human Res., [Ms. 2090431, Nov. 12, 2010] ___ So.3d ___ (Ala.Civ.App.2010) (Moore, J., concurring in the result). In so doing, the supreme court was not correcting a legal interpretation made by the juvenile court or this court because neither court had even considered that issue.
Although the juvenile court did not specify in the judgment itself its reasons for dismissing the dependency petition, at the hearing on the postjudgment motion, the juvenile court stated:
"However, I believe, and I still believe here today, that the evidence that he is an unfit father was insufficient and it was not substantial in nature and therefore this Court believes that it cannot find dependency on a final hearing when there is a parent ready, willing, and able and suitable to take on the responsibility of being a parent.
"....
"I am just here dealing with the dependency. And I believe the evidence regarding that dependency was insufficient at trial and I did not and could not find that [the father], while some of his failure to act any quicker regarding his contact with this child is not excusable, I don't believe it rises to the level that he abandoned the child under the definition by statute of abandonment and I certainly do not believe that proof was sufficient that he was an unfit father."
Considering further that A.L. ("the mother") had consented to the dependency petition and that the petitioners thereafter had amended their petition to allege solely that the father had abandoned the child, it is apparent from the foregoing excerpt that the juvenile court determined that the petitioners had not adduced clear and convincing evidence of abandonment within the meaning of former §§ 12-15-1(10)i. and 26-18-3(1), as was required to prove the first prong of their dependency allegation. See former § 12-15-65(f), Ala.Code 1975. Consequently, the juvenile court had no occasion to, and did not, consider whether the second prong of dependency had been proven.
*1065 On appeal to this court, the petitioners did not argue that the juvenile court had erred in its understanding of the phrase "in need of care or supervision" contained in former § 12-15-1(10)n., obviously because the juvenile court had never expressed any reliance on that second prong of dependency as a basis for dismissing the dependency petition. The two arguments on appeal, as set out above, concerned the finding of abandonment and the reference to "unfitness" made by the juvenile court, both of which relate to the first prong of dependency. See K.B. v. Cleburne County Dep't of Human Res., 897 So.2d 379, 390 n. 5 (Ala.Civ.App.2004) (Murdock, J., concurring in the result) (explaining that the dependency statute at least partially encompasses the concept of unfitness found in Ex parte Terry, 494 So.2d 628 (Ala. 1986)). This court rejected the arguments of the petitioners based solely on those arguments, as is evident from the cases cited on the no-opinion affirmance, ___ So.3d at ___, and the dissent authored by Judge Bryan, ___ So.3d at ___ (Bryan, J., dissenting).
The petitioners filed an application for rehearing with this court following the issuance of our no-opinion affirmance in which they again argued that the evidence mandated a finding of abandonment and that they did not have to prove the unfitness of the father, which they argued the juvenile court had erroneously required. The petitioners did not mention in their application for rehearing that this court had erred in any way in applying the phrase "in need of care or supervision" found in former § 12-15-1(10)n. because they realized that this court had not, in fact, relied on that phrase to affirm the judgment of the juvenile court. Thus, despite the fact that this court did not issue an opinion in the case, the supreme court was fully advised that this court did not rest its decision to affirm the judgment of the juvenile court on former § 12-15-1(10)n.
When they filed their petition for a writ of certiorari, the petitioners did not mention the phrase "in need of care or supervision" or predicate any error of this court on the alleged misapplication of that phrase. In their brief to the supreme court, the phrase does not appear except as part of a quotation of the entirety of former § 12-15-1(10). The petitioners did not make any argument, even indirectly, that the juvenile court or this court had erred in construing former § 12-15-1(10)n., because they knew that neither court had even attempted a construction of that statutory provision.
The dissent in Ex parte L.E.O. argues at length why the construction of the phrase "in need of care or supervision" adopted by the majority of the supreme court is substantively incorrect, ___ So.3d at ___ (Murdock, J., dissenting),[2] but I believe the supreme court erred in even considering that issue. In my opinion, the supreme court acted beyond its certiorari jurisdiction, even as modified by Rule 39, Ala. R.App. P. No party invoked that jurisdiction to decide the legal issue of the meaning of the phrase "in need of care or supervision." Certiorari jurisdiction exists only to correct legal errors on the face of the record of the lower courts. The "record," even considering that term expansively to consider the entire trial and appellate record, does not contain any interpretation of former § 12-15-1(10)n. *1066 that the supreme court could have reviewed and determined to be erroneous. Moreover, to decide the one legal issue for which it had granted certiorari reviewthe alleged conflict between this court's decision and the cases cited by the petitionersthe supreme court did not have any need to address the meaning of former § 12-15-1(10)n. The supreme court acted wholly without jurisdiction in defining the phrase "in need of care or supervision" in the context of its certiorari review of the appeal in this case.
In Ex parte Snider, 929 So.2d 447 (Ala. 2005), the supreme court noted that, on a petition for the writ of certiorari, it could not consider an issue of significant legal importance regarding the interplay of the freedom of religion and child-custody restrictions that had not been previously raised. 929 So.2d at 458. The court stated that the petitioner in that case could raise the issue at the trial-court level in the future, if necessary. The court then stated: "Further, in the event that the case reaches this Court, we will have the benefit of the trial court's reasoning, as well as that of the Court of Civil Appeals, presumably a petition adequately stating grounds, and briefs from both parties fully developing these important issues." Id. at 458-59. In the present case, the supreme court decided a significant point of juvenile law, the meaning of one of the two prongs of dependency, without the benefit of any ruling from the juvenile court, any input from this court, or any briefing on that issue from the parties, which may explain why the supreme court did not cite any legal authority to support its definition of the phrase "in need of care or supervision." The jurisdictional defects that prevented the supreme court from even considering the issue also hindered its ultimate resolution of that issue.
A petition for a writ of certiorari and the brief of the petitioner not only invoke the certiorari jurisdiction of the supreme court and educate the supreme court about the case, but also serve to notify the opposing party of the issues that need to be debated and upon which the decision will rest. Derrick Braaten, The Right to Be Heard in City of Sherrill v. Oneida India Nation: Equity and the Sound of Silence, 25 Law. Ineq. 227 (Winter 2007). In this case, before the supreme court issued its opinion, the father had not received any notice that the decision of the juvenile court could be reversed based on a legal error that that court never committed or based on the meaning of a phrase that had never been the subject of the litigation.[3] The father had no notice and no opportunity to be heard before the supreme court determined a legal issue that effectively rendered his child dependent. See E.S.R. v. Madison County Dep't of Human Res., 11 So.3d 227 (Ala.Civ.App.2008) (holding that parent is guaranteed due process in dependency proceeding).
Ordinarily, judgments that are entered without jurisdiction or due process are considered void. Systrends, Inc. v. Group 8760, LLC, 959 So.2d 1052, 1062 (Ala.2006). However, this court cannot declare a judgment of our supreme court to be void. This court is bound to follow the decisions of the supreme court regardless of any procedural or jurisdictional defects plaguing them. However, the supreme court may always, on its own motion, reexamine a case and withdraw an opinion that it improvidently decided. See, e.g., Spivey v. *1067 First Commercial Bank, 681 So.2d 120, 124 (Ala. 1995). I urge the supreme court to take that extraordinary action in light of the above concerns.
NOTES
[1] The Supreme Court of Alabama apparently did not grant the petition for a writ of certiorari to consider the legal issue regarding the juvenile court's alleged improper use of the "unfitness" standard in a dependency proceeding. That issue is not discussed in the opinion at all.
[2] I agree that the majority opinion in Ex parte L.E.O. misconstrued the meaning of the phrase "in need of care or supervision" for all the reasons stated in the dissent and more. See G.H. v. Cleburne County Dep't of Human Res., ___ So.3d at ___ (Moore, J., concurring in the result).
[3] It is true that the father could have filed an application for rehearing; however, it appears that he did not because, as the father had informed the supreme court when notified that the petition for a writ of certiorari had been preliminarily granted, his attorney had withdrawn and he was unaware of the process to follow.