162 So. 402

## REICHERT MILLING CO. v. GEORGE.

6 Div. 772.

Supreme Court of Alabama.

June 20, 1935.

See, also, ante, p. 3, 162 So. 393.

Fitts & Fitts and Harsh, Harsh & Hare, all of Birmingham, for the motion.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, opposed.

FOSTER, Justice.

On former certiorari in this case, 162 So. 393, it was stated in the majority opinion: "It is essentially a case where an injury has occurred under such circumstances that the law raises a presumption of negligence, which will supply proof of actual negligence until this presumption is overcome by proof on the part of the party to whom the presumption of negligence is thus imputed. So far as the opinion of the Court of Appeals discloses to the contrary, there was no such exculpatory evidence."

After the case was remanded to that court, 162 So. 383, the opinion of the majority on rehearing undertakes to set out the existence and substance of such exculpatory evidence. It then states: "The foregoing evidence, and the deductions to be drawn therefrom, in our opinion clearly sustains grounds 2, 3, 4, 5, 6, and 7 of defendant's motion for a new trial. Said evidence, without dispute or conflict, tended to show that the defendant manufacturer in the process of manufacturing, packing, storing, and distributing this flour used that highest degree of care exercised by the best millers, both as to machinery, equipment, and labor; and this we think was ample to overcome the rebuttable presumption of negligence on the part of the manufacturer, raised by the circumstantial inference produced by the vague and unsatisfactory testimony of the plaintiff and her witness."

One theory of petitioner, in which one of the judges of the Court of Appeals concurs, is that this is contrary to a holding by this court in Try-Me Beverage Co. v. Harris, 217 Ala. 302, 116 So. 147, in substance that the use of modern equipment and methods serve rather to emphasize than to disprove the negligence of a bottler when some foreign substance was found sealed in the bottle.

But we understand the conclusion of the majority rather to be that such machinery and methods of this defendant reflect upon the trustworthy character of plaintiff's evidence which tends to show that the foreign substance was in the sack of flour when defendant packed it and sent it out, rather than its negligence in so doing upon the assumption that such substance was there when so packed by defendant. We do not think the holding of the majority of that court is in conflict with what was stated in the Harris Case, supra. It is not in any event the statement of a legal principle, nor its application to facts. But in both cases it is the expression of an inference from proven facts.

590

We do not review the Court of Appeals in respect to its inferences from proven facts, unless those facts raise a presumption of law, which are not given that effect by that court. But when that court finds that proven facts are sufficient in its judgment to "overcome the rebuttable presumption of negligence," it is not the assertion of a legal principle nor an application of one to the stated facts. We will not review the conclusions of fact which that court makes from the evidence stated in its opinion, but only determine whether it'has, in our judgment, correctly applied the law to its conclusions so found. Fairbanks, Morse & Co. v. Dees, 220 Ala. 604, 126 So. 621; Rochester-Hall Drug Co. v. Bowden, 218 Ala. 242, 118 So. 674; Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Craft v. Standard Accident Ins. Co., 220 Ala. 6 (12), 123 So. 271.

When there is any evidence which supports the findings of facts, they are conclusive on certiorari. We therefore will not consider the question of whether its finding is correct in the respect we have here stated. It is no more than a finding or conclusion of fact from the evidence.

It is not necessary to consider other points discussed in the opinion of that court. We think the certiorari should be denied for the reason we have indicated.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.