14 So.2d 561

**LOUISVILLE & N. R. CO. v. RICHARD.**

**1 Div. 429.**

Court of Appeals of Alabama.

May 11, 1943.

Rehearing Denied June 1, 1943.

Smith, Hand & Arendall, of Mobile, for appellant.

RICE, Judge.

Appellee, who was the plaintiff below, recovered a judgment against appellant, the defendant there, upon a trial on a complaint consisting of three counts, the first of which was typical of the others.

This first count of her complaint alleged, pertinently, as follows, to-wit: "Plaintiff claims of the defendant the sum of Three Thousand and no/100 ($3,000.00) Dollars for this that on, to-wit, the 25th day of December, 1940, plaintiff's husband went in an automobile to defendant's passenger depot in the City of Mobile, Alabama, for the purpose of becoming a passenger on one of defendant's trains, and the plaintiff avers that she accompanied her said husband to said depot in said automobile for the purpose of seeing him off on said train and of returning said automobile to their said home, and the plaintiff further avers that before she had left said depot grounds on said occasion and while she was on a paved driveway, which lies just east of the defendant's depot and baggage room in the City of Mobile, Alabama, which said driveway the defendant provided for the use of the public as a part of its facilities as a common carrier railroad the plaintiff was injured as a proximate result of the negligence of the defendant acting by and through its agent or agents, servant or servants then and there acting within the line and scope of their employment in causing or allowing the tongue of a baggage truck to be or remain in said driveway so as to dangerously obstruct said driveway at said place and in such position that it could not be seen by those using said driveway in the exercise of reasonable care," etc.

Wm. G. Caffey and Bart B. Chamberlain, Jr., both of Mobile, for appellee.

While dictum, it is true, the statement by our Supreme Court, composed by one of the greatest Chief Justices it ever had, used in the opinion in the case of Montgomery & E. Ry. Co. v. Thompson, 77 Ala. 448, 54 Am.Rep. 72, has been approved so many times by that court (see Shephard's Alabama Citations) that we now regard it as the settled law of our State (Code 1940 Tit. 13, Sec. 95). It will be found quoted, following:

"There is a common duty resting on all persons, artificial as well as natural, who own real estate on which the public is expressly or impliedly invited to enter, that it shall be kept free from traps and pitfalls; and if this duty be neglected, and injury

results therefrom to any person, the person suffering by such trap or pitfall may recover damages for the injury. This is a general rule of society, crystalized into law. * * * The foregoing rule, however, does not apply to places strictly private, or where persons are neither expected, nor expressly or impliedly invited to go.— * * * All the property of a railroad company, including its depots and adjacent yards and grounds, is its private property, on which no one is invited, or can claim the right to enter, *save those who have business with the railroad. Under this classification, however, we must include attending friends and protectors, who accompany friends to the train, to aid them in getting on,* in procuring tickets, and in checking baggage, *and kindred services.* * * * To persons filling these classes, *the railroad corporation owe[s] special obligations of duty, different from those due to the general public.* While the former come by invitation, express or implied, the latter are mere pleasure-seekers, or are prompted by curiosity. *For the use and comfort of the former class, railway companies are bound to keep in safe condition all portions of their platforms and approaches thereto, to which the public do or would naturally resort,* and all portions of their station-grounds reasonably near to the platform, where passengers, or those who have purchased tickets with a view to take passage on their cars, would naturally or ordinarily be likely to go. *Within these boundaries,* a defect of structure which is likely to, and does cause injury, *or any other trap or pitfall producing a like result, will fasten a liability on the railroad owing the duty. Of similar obligation to this primary class, is the duty* to provide safe waiting-rooms, and *to keep the depot and platform well-lighted in the night-time.—* * * *

"There is another important principle, which may exert some influence in this case. If one, who complains of an injury suffered at the hands of another, has, through intention [inattention?], recklessness or carelessness—that is, want of ordinary care or attention—contributed proximately to the injury he complains of, this is a full answer to any right he could otherwise maintain on account thereof." (Italics supplied by us.)

■ We have no difficulty in concluding and do conclude, that the allegations of the first and second counts of the complaint, the overruling of its specified grounds of demurrer to which is made the subject of assignments of error 1 and 2 here by appellant, brought them squarely within the principles of law contained in the quotation which we have just set out from the opinion in the case of Montgomery & E. Ry. Co. v. Thompson, 77 Ala. 448, 54 Am.Rep. 72.

As for the grounds of same argued here in brief, there was no error in overruling appellant's demurrers to the complaint, nor any count thereof.

Appellant's able counsel do not deny that the law is as we have hereinabove quoted and set forth. In fact, they cite this case of Montgomery & E. Ry. Co. v. Thompson as one of the authorities supporting their argument for reversal.

But they contend vigorously—and, we may say, ably—that under the facts shown in the evidence the appellant was due to have the jury given at its request the general affirmative charge to find in its favor. And they base this contention, as we read their briefs, upon the claimed facts that, first, the plaintiff (appellee), at the time she was injured, was shown by the undisputed testimony to be at a place where she was not invited to be. And, second,—though we fail to see a distinction between the two contentions—because the place where the plaintiff actually fell was reserved for the exclusive use of employees handling mail and was never used by the public going to and from trains.

We have carefully read and considered every authority cited to us by either the appellant or the appellee. Of course no two cases are in every respect identical in every minute detail. But not so with respect to the principles of law involved. There, our duty is plain.

Without undertaking to discuss, seriatim, the cases brought to our attention, or examined by us independently, it is enough to say that the opinion in the above-mentioned case of Montgomery & E. Ry. Co. v. Thompson contains all the *law* we need for the disposal of the question before us.

What remains is but a question of fact. The evidence in the record either does, or does not, support appellant's contentions.

It is of course impractical to set out, here, the entire evidence. But we have read and examined same, while sitting en banc.

■ And we state our conclusion that it clearly made a case for the jury to say whether or not plaintiff (appellee) was, at the time she received her injuries, at a place where she was invited by appellant to be. We do not see that a mere discussion in detail, of the evidence would be helpful for any purpose.

■ Appellant's argument that—while without dispute that appellee was actually injured at a place where she was by invitation of appellant—because the evidence shows clearly, as perhaps it does, that she *intended,* so soon as she left this place, to go or enter upon a place forbidden to those within her class, the appellant did not owe her the duty to regard her as an invitee, is without persuasive force. We think it was her status at the exact moment of injury that determined her rights and the appellant's liabilities.

There was no error in overruling appellant's written request that the jury be charged to find a verdict in its favor.

■ The question of appellee's contributory negligence, vel non, was submitted to the jury under what seems to us correct instructions by the court. The testimony on this point was at least susceptible to conflicting inferences, and it is our opinion the course pursued was the proper one.

The allegations of, for example, the first count of the complaint, were proven without dispute—it being concluded that the place where appellee was injured was a place to which she was, at least by operation of the law as we have quoted hereinabove, invited.

■ But because of appellant's contentions; and because the evidence tended to show, or showed, that appellee had the purpose to enter into and go through the "mail room," *once she* had left the portion of appellant's premises where she was injured, and where she was by invitation (implied), we think appellant's written requested charge 12 would have been highly misleading to the jury. It was for this reason properly refused.

The issues in the case were all for the jury. And we find no error in any ruling assigned and argued here for reversal of the judgment by appellant's learned counsel.

Said judgment is affirmed.

Affirmed.