26 So.2d 120

**NORTH CAROLINA MUT. LIFE INS. CO. v. COLEMAN.**

6 Div. 443.

Supreme Court of Alabama.

May 16, 1946.

Jackson, Rives & Pettus and C. E. Wilder, all of Birmingham, for petitioner.

Gibson & Hewitt, of Birmingham, opposed.

SIMPSON, Justice.

■ Clauses, such as contained in the suit policy, stipulating for the soundness of health of insured as condition precedent to the operation of the policy, have been construed to be effective as warranties and enforceable as such if, at the time of the issuance and delivery of the contract, the subject was in fact afflicted with a disease or ailment which increased the risk of loss. Vredenburgh v. Liberty Nat. Life Ins. Co., 246 Ala. 251, 20 So.2d 207; National Life & Accident Ins. Co. v. Collins, 244 Ala. 182, 12 So.2d 353; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 404, 137 So. 16, 18.

It was recently reaffirmed in the Vredenburgh case that, "stipulations of this character are warranties within the meaning of the Code, § 8364 (Code 1940, Title 28, § 6), and to avoid the policy the unsound health must be such as to increase the risk of loss."   (20 So.2d at page 211.)

The holding of the Court of Appeals gave effect and proper construction to the authorities on this question and must be affirmed as correct.

■ Other than as noticed, the petition for certiorari challenges the conclusions of the Court of Appeals on the evidence and in such case we accept those findings as conclusive and only consider for revision the law announced in the opinion as applied to such conclusions.   Ex parte Southern Amiesite Asphalt Co., 240 Ala. 618, 200 So. 434; Andrews v. City of Birmingham, 246 Ala. 668, 22 So.2d 41; Vinson v. State, 247 Ala. 22, 22 So.2d 344.

So considered, no error is made to appear and the writ is denied.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.