27 So.2d 803

**SIMS v. WARREN et al.**

**6 Div. 517.**

Supreme Court of Alabama.

Nov. 14, 1946.

M. B. Grace and R. J. Hagood, both of Birmingham, for petitioner.

R. J. McClure, of Birmingham, opposed.

SIMPSON, Justice.

One having business with a carrier and coming on the premises in connection with such business does so by implied invitation and the carrier owes such person a duty to use reasonable care to keep the premises reasonably safe and a corresponding liability results from negligence in failing in this duty. 10 C.J. 923, 924, § 1347. See also 13 C.J.S., Carriers, § 722.

Of this class of invitees is included attending friends and protectors, who accompany friends to the train or other vehicle, to aid them in getting on, in procuring tickets, and in checking baggage, and kindred services. The same license is accorded to protecting friends, when the traveler is to leave the vehicle. To all of such persons, the carrier owes the stated duty, and different from that due to the general public. Montgomery & Eufaula Railway Co. v. Thompson, 77 Ala. 448, 457, 54 Am.Rep. 72; Louisville & N. R. Co. v. Richard, 31 Ala.App. 197, 14 So.2d 561.

This protection does not extend to one who comes on the carrier's premises on his own private business not connected with that of the carrier. Authorities, supra. The duty to this latter class is, as stated in the opinion of the Court of Appeals, "*not to willfully or wantonly injure him, or to negligently injure*" after discovery of peril. McElvane v. Central of Georgia R. Co., 170 Ala. 525, 54 So. 489, 490, 34 L.R.A.,N.S., 715; Whaley v. Louisville & Nashville R. Co., 186 Ala. 72, 65 So. 140, 52 L.R.A.,N.S., 179.

The plaintiff visited the bus station for the purpose of delivering a message of a private nature to a passenger and was therefore not an invitee, under the rule of our cases, but a mere licensee. The general affirmative charge for the defendants on a complaint where allegations rested on liability of the defendants to the plaintiff as an invitee, was proper and the opinion of the Court of Appeals was correct in so holding.

This is the only question of law presented for our decision. The remaining points argued relate to findings of fact by the Court of Appeals and are not before us for review. Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91.

Writ denied.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.