32 So.2d 246

### BRUSH et al. v. ROUNTREE.

#### 1 Div. 307.

Supreme Court of Alabama.

Oct. 16, 1947.

W. C. Taylor, of Mobile, for petitioners.
Howell & Johnston, of Mobile, opposed.

LAWSON, Justice.

The petition for certiorari challenges the conclusion of the Court of Appeals in the following respects: ·

"(1) That the Court of Appeals erred in not reversing the Circuit Court for failing to sustain petitioners' (defendants below) demurrers to Count One of the complaint, which the Circuit Court judgment was based upon, as shown by the finding" of facts.

"(2) The Court of Appeals erred in allowing the judgment of the Circuit Court to stand because same could not, under the evidence, be based on Counts (sic) Two and Three of the complaint, the same not being sustained by the evidence which consisted largely of a written contract shown to have been modified by the parties.

"(3) That the Court of Appeals erred in not reversing the judgment of the Circuit Court because the same was palpably wrong in that it was not sustained by evidence.".

In regard to the action of the trial court in overruling demurrer to the first count, the Court of Appeals declined to pass on the sufficiency of the count as against demurrer interposed, on the ground that the judgment could be supported by either of the remaining counts which were good, and that therefore if there was error in overruling demurrer to the first count it was without substantial injury to appellants' rights.

The principle is well established that where ·recovery could be had under other counts presenting the same issue and evidence offered under either count is admissible under the others, the verdict is properly referable to either count and error, if any, in overruling demurrer to one count is harmless. McClelland v. Coston, 227 Ala. 267, 149 So. 697; Louisville & N. R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203. The opinion of the Court of Appeals does not set out the evidence, hence the finding of that court that the judgment can be supported by the other counts must be taken as conclusive by us. North Carolina Mut. Life Ins. Co. v. Coleman, 248 Ala. 32, 26 So.2d 120. Hence no reversible error is made to appear in this connection.

·The other two points on which petitioner relies for reversal of the judgment of the Court of Appeals relate to findings of fact by the Court of Appeals and are not before us for review. Sims v. Warren et al., 248 Ala. 391, 27 So.2d 803.

We express no opinion on other matters considered by the Court of Appeals, as they are not presented here in petition for certiorari. ·

Writ denied.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.