43 So.2d 143
**DIXIE DRIVE IT YOURSELF SYSTEM, MOBILE CO., Inc., v. HAMES.**
I Div. 396.

Supreme Court of Alabama.
Dec. 1, 1949.

D. R. Coley, Jr., of Mobile, for petitioner.

Albert S. Gaston, of Mobile, opposed.

SIMPSON, Justice.

Petition to review the opinion and judgment of the Court of Appeals affirming the judgment of the lower court in an action for damages against petitioner for alleged negligence in delivering to another plaintiff's automobile, which had been stored with petitioner under a storage contract with plaintiff.

We find no fault with the governing law as stated in the opinion of the Court of Appeals, to wit:

"The defendant below was a bailee for hire, and as such owed a duty of ordinary care toward the bailed property.

"Where a bailee of goods for hire, upon demand made, fails to redeliver them, or does not account for a failure to make delivery, prima facie, negligence will be imputed to him; and the burden of proving a loss without the want of ordinary care is devolved upon him."

Of such import is the holding in Hackney v. Perry, 152 Ala. 626, 633, 44 So. 1029, and other of our cases.

The remaining points argued relate to findings of fact by the Court of Appeals and are not properly before us for review. On certiorari here we do not review conclusions of fact which the Court of Appeals makes from evidence stated in its opinion, but will only determine whether it has correctly applied the law to the conclusions so found. Sims v. Warren, 248 Ala. 391, 27 So.2d 803; Reichert Milling Co. v. George, 230 Ala. 589, 162 So. 402.

On like principle, where the Court of Appeals has held that conflicting inferences existed in proof of an issue and refused to reverse the trial court in denying motion for new trial, this court will not review the Court of Appeals on the weight of the evidence. Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872.

Writ denied.

BROWN, FOSTER, and LIVINGSTON, JJ., concur.