84 So.2d 664

**O. H. PIGFORD, D/B/A Pigford Farm Equipment Company**

v.

**B. M. BILLINGSLEY.**

3 Div. 709.

Supreme Court of Alabama.

Jan. 12, 1956.

W. Clarence Atkeison, Prattville and Glen T. Bashore, Clanton, for petitioner.

H. T. Fitzpatrick, Jr., Montgomery, opposed.

MAYFIELD, Justice.

This case comes to us on the petition of O. H. Pigford for certiorari to the Court of Appeals to review and revise the judgment of that Court.

Our study of the opinion of the Court of Appeals raises serious questions concerning the factual situation involved in this cause. However, the contentions advanced by the petitioner can only be supported by a reference to the original record

in the case. As the opinion of the Court of Appeals does not set out the facts in extenso, this Court is foreclosed from further inquiry into the facts of the cause. The scope of the review of opinions of the Court of Appeals, by this Court, is limited to errors apparent on the face of the opinion of the Court of Appeals. The rules applicable to conclusions of fact found by the Court of Appeals were stated in Dixie Drive It Yourself System, Mobile Co., Inc., v. Hames, 253 Ala. 132, 43 So.2d 143, 144, as follows:

" * * * On certiorari here we do not review conclusions of fact which the Court of Appeals makes from evidence stated in its opinion, but will only determine whether it has correctly applied the law to the conclusions so found. Sims v. Warren, 248 Ala. 391, 27 So.2d 803; Reichert Milling Co. v. George, 230 Ala. 589, 162 So. 402.

"On like principle, where the Court of Appeals has held that conflicting inferences existed in proof of an issue and refused to reverse the trial court in denying motion for new trial, this court will not review the Court of Appeals on the weight of the evidence. Sinclair Refining Co. v. Robertson, 247 Ala. 260, 23 So.2d 872."

■ As the case is presented to us on certiorari, we are bound by the findings of fact of the Court of Appeals. We, therefore, conclude that the merit of petitioner's contentions cannot be considered on this review.

Petitioner's able counsel strenuously insists that a judgment rendered by the Court of Common Pleas of Autauga County on 21 February 1952 was a final adjudication of the matter in controversy in this suit. Further, that the Court of Common Pleas was without jurisdiction subsequently to avoid its prior judgment. And that, therefore, a subsequent judgment of that court attempting to avoid its first judgment was a complete nullity. The opinion of the Court of Appeals rejects this position taken by the petitioner. Even if we concede that this Court may properly go behind the opinion of the Court of Appeals to determine this question, we find that the matters relied on by the petitioner and essential to establishing his contention are not contained in the record.

We find one statement in the opinion of the Court of Appeals which requires correction. The last paragraph of that opinion is as follows:

"Under such circumstances we should first determine whether or not error was committed in the introduction of evidence. If we find that there was error in admitting the evidence, we should then decide, by reading the entire record, whether or not such error probably affected the decision of the trial judge."

The above quoted paragraph of the opinion of the Court of Appeals relies on a statement found in Lackey v. Thomas, 28 Ala.App. 302, 184 So. 262, 263. We do not interpret the paragraph referred to in the Lackey case as a statement of a legal principle. Rather, we interpret this paragraph in the Lackey case to be the application by the Court of Appeals of a correct legal principle to the facts in the particular case then before it.

■ The correct statement of the law is found in the preceding paragraph of the Lackey case and is as follows:

"Mr. Justice Thomas in Deal v. Houston County, 201 Ala. 431, 78 So. 809, again, states the rule as follows (page 812): 'It has long been the rule that where a cause is tried by the court without a jury, the admission of illegal evidence raises the presumption of injury, and requires the reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment.'

"Mr. Justice Foster follows the same rule in Springer v. Sullivan, 218 Ala. 645, 119 So. 851."

The last paragraph of the opinion of the Court of Appeals in the instant case is specifically disaffirmed, as it does not fully state the law on the point considered in the

Lackey case. Also, see Mitchell v. Kinney, 242 Ala. 196, 5 So.2d 788; Pope v. Howle, 227 Ala. 154, 149 So. 222; Aetna Insurance Co. v. Kacharos, 226 Ala. 504, 147 So. 438, 91 A.L.R. 1432.

Because of the limited scope of our review, the application of the correct rule by the Court of Appeals would lead us to the same result. For that reason, the judgment of the Court of Appeals must be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.