127 So.2d 384

**Lloyd R. MANN**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 823.**

Court of Appeals of Alabama.

Feb. 17, 1961.

Matt Murphy, Jr., Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

PRICE, Judge.

This is an appeal from a judgment denying appellant's discharge in a habeas corpus proceeding.

From the record it appears that petitioner was, on May 12, 1959, convicted in the Circuit Court of Jefferson County of the offense of reckless driving. In addition to the fine imposed, he was sentenced to perform hard labor for the City of Bir-

**218**

mingham. On the same day he was granted parole by the city, to expire May 6, 1961.

On February 6, 1961, the appellant was convicted in the Recorder's Court of the City of Birmingham of the offense of driving while intoxicated. On February 9, 1961, his parole was revoked and he was returned to jail to serve the original sentence.

Section 1091 of the General City Code of Birmingham provides:

> "Upon the failure of any convict to observe the conditions of his parole, to be determined by the commissioner of public safety, the commissioner of public safety shall have authority to direct the re-arrest and return of such convict to custody, and it shall be the duty of the chief of police, or any police officer, to thereupon re-arrest said convict and return him to custody, and thereupon such convict shall serve out the sentence of the court, or any unexpired portion thereof; provided, that the time during which such convict shall have been at liberty under such parole shall not be computed in determining the date of expiration of such sentence.

> "The commissioner of public safety shall enter upon the record required to be kept, the order commanding such re-arrest and shall furnish to the chief of police, a copy of such order as his authority for making such arrest."

To like effect is Section 45 of said General Code of Birmingham.

The record clearly shows there has been no compliance with the provisions of the above Code Sections, in that, the parole was revoked by the parole officer, with no action having been taken by the commissioner of public safety. The judgment below is therefore reversed and the cause remanded.

Reversed and remanded.