133 So.2d 718

Evie Lee **WILLIAMS**

v.

**CITY OF BIRMINGHAM.**

6 Div. 699.

Supreme Court of Alabama.

May 25, 1961.

Rehearing Denied Nov. 2, 1961.

Morel Montgomery, Birmingham, for petitioner.

Wm. C. Walker, Birmingham, opposed.

COLEMAN, Justice.

Petitioner was convicted of violation of an ordinance of the City of Birmingham and sentenced to 180 days in jail. After serving 8 days of the sentence, petitioner was granted a parole by the City. Approximately 6 months later the parole was revoked. Petitioner then brought the instant proceeding for habeas corpus in the circuit court where judgment was rendered denying petitioner's release. Petitioner appealed to the Court of Appeals where the judgment of the circuit court was affirmed. Petitioner now applies for certiorari to review the decision of the Court of Appeals.

The Court of Appeals held that petitioner's imprisonment after revocation of her parole was not illegal. Petitioner contends that her present imprisonment, for the purpose of requiring her to serve the remaining portion of her sentence, is illegal because she had served the entire sentence on parole.

The Court of Appeals held that under § 599, Title 37, Code 1940, any municipal parolee arrested for violation of parole shall be required to carry out the sentence as though no parole had been granted him, notwithstanding his sentence would have ended but for the suspension thereof by the parole. That is the holding in Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L.R.A. 502, as to state convicts prior to the amendment of the Constitution referred to as Amendment XXXVIII, proposed by General Acts, Special Session, 1939, page 8, ratified July 21, 1939. That rule as to state convicts has been changed. Pinkerton v. State, 29 Ala.App. 472, 198 So. 157, certiorari denied 240 Ala. 123, 198 So. 162, but neither Amendment XXXVIII nor legislation, so far as we are advised, has changed the law respecting municipal convicts. The Court of Appeals correctly held that petitioner had not served her sentence while she was out of jail on parole.

The Court of Appeals further held that it could not review the action of the paroling authority in granting and revoking petitioner's parole. The Court of Appeals notes that petitioner contended that she was due to be released because of "alleged defects in the granting or the revocation of her parole," but the opinion does not state what the asserted "defects" were.

The nature of the "defect" which the Court of Appeals considered, however, is indicated by the cases cited to support the holding " * * * that the actions (of the paroling authority, we interpolate) in granting and revoking the parole are not here proper subjects for review on habeas corpus, these matters resting in the discretion of the paroling authority." The cases cited are State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557, and Summers v. State, 31 Ala.App. 264, 15 So.2d 500. Those cases held that the parole was never a right of the prisoner but was a mere privilege, which the paroling authority, in those cases the State Board of Pardons and Paroles, when acting according to procedure provided by law, " * * * had the unques-

tioned right to take from him at its uncontrolled discretion—for reasons satisfactory to it, or for no reasons at all. * * *." 31 Ala.App. at page 76, 14 So.2d at page 560.

So in the case at bar, we understand the Court of Appeals to hold that the defects insisted on, which that court declined to consider, are errors in the exercise of discretion by the paroling authority in the instant case, that is, the commissioner of public safety of the City of Birmingham. We are of opinion that the Court of Appeals correctly declined to review the action of the commissioner wherein he exercised discretion in granting or revoking petitioner's parole.

Petitioner insists, however, that the defect complained of is not an error in discretion by the commissioner but is an error in the procedure which was followed in granting and in revoking her parole. The particular defect complained of is that the order of revocation was not signed by the commissioner, or by his authority, as is required by Section 1091 of the General City Code of Birmingham.

In brief, petitioner cites Mann v. City of Birmingham, Ala.App., 127 So.2d 384, which was decided by the Court of Appeals a short time subsequent to the decision of that court in the instant case. In the Mann case, it was held that a municipal prisoner's parole had not been revoked as required by Section 1091 of the City Code, supra, because the parole was revoked by the parole officer, with no action having been taken by the commissioner of public safety. The opinion in the Mann case states that the record clearly showed there had been no compliance with the City Code.

In short, as we understand petitioner's argument, she insists that the evidence in the instant case discloses that her parole has not been revoked as provided by law, but as we understand the opinion of the Court of Appeals, that court found from the evidence that her parole had been revoked according to the forms and procedure provided by law, and that the only defect complained of was an erroneous exercise of discretion by the paroling authority in revoking the parole. We have noted the exhibit and testimony set out in petitioner's brief, but that evidence is not set out in the opinion of the Court of Appeals. Petitioner's complaint is expressed in the petition for certiorari as follows:

"This is error by the Court of Appeals, which Court completely failed from the record or transcript to see and decide from that *transcript that no paroling authority granted or revoked this parole of this petitioner—Applicant-Appellant.*"

It is apparent that petitioner is asking us to review the Court of Appeals on a finding of fact. Petitioner's contentions can be supported only by a reference to the original record, and as the opinion of the Court of Appeals does not set out the facts in extenso, we are foreclosed from further inquiry into the facts of the case. Pigford v. Billingsley, 264 Ala. 29, 84 So.2d 664. That rule of review by certiorari is of long standing. See cases cited in Ala.Digest, Certiorari, ⚘68.

Accordingly, the writ is denied.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.