as defendant, to plead the note as set-off in the prior action, and that the court erred in the prior action in allowing Hedrick to pursue that course and obtain a judgment declaring that Hedrick was discharged and released from any and all liability to Grimes on the note; but, even if error in Case No. 14012 be conceded, this is not an appeal from the judgment in that case.

Wharton v. King was a direct appeal from the judgment which was infected with error in applying or failing to apply the principle that defendant may or may not, at his election, set off an independent claim against the plaintiff's demand. That is not the situation here. The error in compelling Grimes, against its election, to set off the note against Hedrick's claim was not committed in the instant case. That error, if error it be, was committed in the trial of the prior case, No. 14012.

The judgment in the prior case stands unreversed. That judgment was rendered by the same court which rendered the judgment now under review. It is not denied that, in the prior case, the court had jurisdiction of parties and subject matter. However much the prior judgment may have been infected with error, it is not void.

The rule of our cases is that a domestic judgment, regular on its face, is conclusive on collateral attack. A. B. C. Truck Lines v. Kenemer, 247 Ala. 543, 549, 25 So.2d 511.

If the prior judgment be erroneous, Grimes was entitled, after its rendition, to appeal to reverse the judgment, but until reversed, notwithstanding it may abound with errors, it is obligatory on Grimes. Cole v. Conolly, 16 Ala. 271, 280; Maroney v. Whitaker, 265 Ala. 409, 91 So.2d 668.

We are of opinion that the issue of defendant's liability to plaintiff on the note here sued on was adjudicated in the prior action, that the judgment in the prior action is a bar to plaintiff's recovery in the instant case, and that the court erred in rendering judgment for plaintiff in the instant case.

The judgment appealed from is reversed and the cause is remanded for entry of a judgment for defendant.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

154 So.2d 685

**Aubrey PATE**

v.

**STATE.**

5 Div. 782.

Supreme Court of Alabama.

June 13, 1963.

Aubrey Pate, pro se.

Richmond M. Flowers, Atty. Gen., for the State.

**328**

LAWSON, Justice.

Review by this court of the decision and judgment of the Court of Appeals is not by appeal but in the manner prescribed by Supreme Court Rule 39.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.

---

154 So.2d 747

**Otis COPELAND**

v.

**UNITED SECURITIES LIFE INSURANCE COMPANY.**

**7 Div. 597.**

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied July 3, 1963.

Barnes & Smith, Gadsden, and T. J. Carnes, Albertville, for appellant.

S. P. Keith, Jr., Birmingham, for appellee.

SIMPSON, Justice.

Appeal by the plaintiff from a judgment on a jury's verdict which was directed by the lower court in the defendant's favor without hypothesis. The action was based upon an accident and sickness insurance policy for the hospitalization of plaintiff's wife who was also insured in the policy.

Appellee entered a general denial and special pleas, based upon an alleged false statement contained in the application for the insurance dated December 27, 1960. Appellant argues here, having raised the point by demurrer below, that he was not bound by statements made in the application as the application was not attached to or endorsed on the policy when issued.

 Section 426(A), Title 28, Code of Ala.1940, as amended (1957, Act No. 597, effective Jan. 1, 1958), provides:

"The insured shall not be bound by any statement made in an application for a policy unless a copy of such application is attached to or endorsed on the policy when issued as a part thereof."

We apprehend that the statute was designed to put all facts relating to the insurance before the insured; to guard against over-