156 So.2d 365

**Ex parte Henry HICKERSON.**

**3 Div. 95.**

Supreme Court of Alabama.

Sept. 5, 1963.

Henry Hickerson, pro ami.

Richmond M. Flowers, Atty. Gen., and Peter M. Lind, Asst. Atty. Gen., for the State.

GOODWYN, Justice.

This is an original petition for habeas corpus filed here on August 12, 1963, by Henry Hickerson, who is confined in Kilby prison.

It appears from the petition that Hickerson addressed a petition for habeas corpus to a circuit judge of Montgomery County; that said judge denied him relief on said petition; and that an appeal was then taken to the Court of Appeals, which court, on June 28, 1963, affirmed the ruling of the circuit judge.

In addressing his petition to the circuit judge, petitioner followed the proper procedure. Code 1940, Tit. 15, § 6. Also, in appealing to the Court of Appeals, petitioner followed the proper procedure for obtaining a review of the circuit judge's ruling. Code 1940, Tit. 15, § 369, as amended by Act No. 60, appvd. June 21, 1955, Acts 1955, Vol. I, p. 294; Ex parte Burton, Ala., 155 So.2d 298, and cases there cited.

The Court of Appeals is a court of last resort. Ex parte Louisville & Nashville R. Company, 176 Ala. 631, 58 So. 315. There are no appeals from that court to the State Supreme Court. The right of appeal is purely statutory; and there is no statute authorizing an appeal from the Court of Appeals to the Supreme Court. We cannot consider the petition as an appeal from the decision of that court.

The decisions of the Court of Appeals may be reviewed by the Supreme Court upon application for an appropriate remedial writ meeting the requirements of

**506**

Rule 39 of the Revised Rules of the Supreme Court. 261 Ala. XIX, XXXIV; Code 1940, Tit. 7, Appendix, 1955 Cum. Pock.Part, p. 236; Recompiled Code 1958, Tit. 7, Appendix, p. 1178; Pate v. State, Ala., 154 So.2d 685.[1] Even if the petition now before us should be considered as one for review of the Court of Appeals' decision by a remedial writ, we could not entertain it because there is no indication whatever that the requirements of Rule 39 have been met.

The State's motion to dismiss the petition is due to be granted.

Petition dismissed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.