159 So.2d 820

**Ex parte T. L. THAGGARD.**

**3 Div. 82.**

Supreme Court of Alabama.

Nov. 21, 1963.

Rehearing Denied Jan. 30, 1964.

Richmond M. Flowers, Atty. Gen., Robt. P. Bradley, Asst. Atty. Gen., Wm. F. Thetford, Sol., and Maury D. Smith, Deputy Sol., for petitioner.

Whitesell, Alton & DeMent, Montgomery, opposed.

Hill, Hill, Stovall & Carter and Thos. B. Hill, Jr., Montgomery, for Union Bank & Trust Co., amicus curiae.

COLEMAN, Justice.

This is a petition for certiorari seeking review of a decision of the Court of Appeals.

The petition recites in pertinent part as follows:

"Your petitioner further shows unto this Honorable Court that the Court of Appeals erred in said cause in holding that there was insufficient legal evidence to support the charge of false pretense as set out in the affidavit supporting the warrant of arrest, and in discharging the petitioner below from custody on the ground of no probable cause for believing that the offense of false pretense had been committed.

"It is respectfully submitted that a careful reading of the transcript of the testimony taken before the Recorder of the City of Montgomery, Alabama, and introduced in the proceedings before the Court of Appeals will reveal that there was sufficient legal evidence presented to warrant the Recorder in finding that probable cause existed for believing that petitioner below had committed the offense of false pretense, and should be bound over to await the action of the Grand Jury of Montgomery County, Alabama."

In addition to the brief filed by the Attorney General, a brief has been filed in support of the petition by the Solicitor for the Fifteenth Judicial Circuit and also an amicus curiae brief has been filed in behalf of the Union Bank & Trust Company.

All three of these briefs refer to facts alleged to be in evidence, which facts are not set out in the opinion of the Court of Appeals. The Solicitor's brief recites that ". . . . it certainly behooves this Court to review the entire testimony filed with the Court of Appeals."

"The Court of Appeals is a court of last resort. Ex parte Louisville & Nashville R. Company, 176 Ala. 631, 58 So. 315. There are no appeals from that court to the State Supreme Court. . . . .

"The decisions of the Court of Appeals may be reviewed by the Supreme Court upon application for an appropriate remedial writ meeting the requirements of Rule 39 of the Revised Rules of the Supreme Court. 261 Ala. XIX, XXXIV; Code 1940, Tit. 7, Appendix, 1955 Cum.Pock.Part, p. 236; Recompiled Code 1958, Tit. 7, Appendix, p. 1178; Pate v. State, Ala. [275 Ala. 327], 154 So.2d 685. . . . ." Ex parte Hickerson, 275 Ala. 505, 156 So.2d 365, 366.

On application for certiorari, ". . . . This court looks to the opinion of the Court of Appeals alone for findings of fact. . . . ." Life & Casualty Ins. Co. v. Womack, 228 Ala. 70, 151 So. 880.

"We have uniformly held that we would not review the evidence, as contained in the record, to determine for ourselves what the facts of the case really were, but would accept and act upon the finding of the facts as made by the Court of Appeals." Wunderlich v. Southern Const. Co., 234 Ala. 178, 174 So. 318.

" ' * * * On certiorari here we do not review conclusions of fact which the Court of Appeals makes from evidence stated in its opinion, but will only determine whether it has correctly applied the law to the conclusions so found. Sims v. Warren, 248 Ala. 391, 27 So.2d 803; Reichert Milling Co. v. George, 230 Ala. 589, 162 So. 402.

" ' . . . . . . . . . ' " Pigford v. Billingsley, 264 Ala. 29, 30, 84 So.2d 664, 665.

See: Payne v. Boutwell, 231 Ala. 311, 164 So. 755; Wilson v. Cowart, 232 Ala. 170, 167 So. 604; Ex parte Pesnell, 240 Ala. 457, 199 So. 726; Ex parte Southern Amiesite Asphalt Co., 240 Ala. 618, 200 So. 434; Metropolitan Life Ins. Co. v. Magouirk, 243 Ala. 626, 11 So.2d 466; North Carolina Mut. Life Ins. Co. v. Coleman, 248 Ala. 32, 26 So.2d 120; Southeastern Const. Co. v. Robbins, 248 Ala. 367, 27 So.2d 705; Williams v. City of Birmingham, 272 Ala. 671, 133 So.2d 718; and authorities therein cited.

Under the long established rule, we will look only to the opinion of the Court of Appeals for the facts.

As stated in the amicus curiae brief, the Court of Appeals held: "(1) that the warrant of arrest was inadequate; and, (2) the evidence taken on the preliminary

hearing was not sufficient to support the charge of false pretense."

The excerpt from the petition for certiorari set out above contains all that the petitioner alleges with respect to error committed by the Court of Appeals. We are of opinion that the petition does not allege that the Court of Appeals erred in holding that the warrant of arrest is inadequate.

In the amicus curiae brief, argument is made that the Court of Appeals erred ". . . . in its ruling that the affidavit in this case was invalid, . . . ."

█ In considering the petition for certiorari, we pass on only the grounds on which certiorari is sought. City of Gadsden v. Elrod, 250 Ala. 148, 33 So.2d 270; Davenport-Harris Funeral Home v. Chandler, 264 Ala. 623, 88 So.2d 878; Kelley v. Osborn, 269 Ala. 392, 113 So.2d 192; Harris v. State, 272 Ala. 146, 130 So.2d 231.

Certiorari was not sought on the ground that the Court of Appeals erred in its holding as to sufficiency of the affidavit and we do not pass on that holding.

Defendant was charged with obtaining money by falsely pretending that he had on deposit in a bank a sum of money which he did not have there. The evidence shows that he presented a check to the teller of the bank on which the check was drawn and obtained the money.

The evidence here considered is set out in the opinion of the Court of Appeals. It appears that defendant made no representation whatever to the bank unless the presentation of the check be regarded as a representation that he had funds on deposit or credit in the amount of the check.

If defendant made any false representation of an existing or past fact to the bank, such representation must be implied from the act of presenting the check signed and endorsed by defendant.

We understand that the offense charged is under § 209, Title 14, and not under the Act of 1951, page 344, which appears in Code 1940, Recompiled 1958, as §§ 234 (2) and 234(3), Title 14.

█ It is elemental that for a conviction on a charge of this kind to stand the evidence must show that the false representation alleged to have been made operated as an inducement for the injured party to part with his goods (money, in the instant case). Primus v. State, 21 Ala.App. 630, 111 So. 194.

The evidence set out by the Court of Appeals shows that before presentation of the check, the teller phoned the bank's bookkeeper and "got the figures" showing defendant's balance; that the teller then gave defendant a slip of paper showing his balance; that defendant gave the check to the teller and endorsed it; that the teller then made a second call to the bookkeeping department and "asked her for a posted balance and see if everything was clear, which meant no uncollected funds against the account"; that some thirty minutes later the money was delivered to defendant.

█ Conceding arguendo, but not deciding, that presentation of the check to the drawee was an implied representation that defendant had funds on deposit or credit in the amount of the check, we are nevertheless of opinion that, under the stated facts, the Court of Appeals is not in error in concluding that any representation implied from the check was not an inducement or moving cause which induced the bank to part with its money, but that the statement or statements made by the bookkeeper to the teller constituted the inducement which caused the bank to part with the money.

In deference to the earnest insistence of counsel we have perhaps written more than is appropriate. Of all the authorities cited in briefs, Commonwealth v. Drew, 19 Pick. (Mass.) 179, decided in 1837, and

State v. Herman, (Mo.), 162 S.W.2d 873, decided in 1942, appear to be the only cases where the check was presented by the drawer to the bank on which it was drawn. These cases support the decision of the Court of Appeals. Further extension of this opinion would add nothing to what has already been written.

We are of opinion that error in the holding of the Court of Appeals, limited as stated in the opinion, has not been shown.

Writ denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.