161 So.2d 804

**Lloyd E. CLAYTON**

**v.**

**Duke B. RAGSDALE.**

**6 Div. 57.**

Supreme Court of Alabama.

Feb. 20, 1964.

Rehearing Denied March 26, 1964.

London, Yancey, Clark & Allen, Birmingham, for petitioner.

Hare, Wynn, Newell & Newton, Birmingham, opposed.

SIMPSON, Justice.

Petitioner-plaintiff brought suit for personal injuries sustained in an automobile accident when the automobile in which he

was riding was struck from the rear by a truck which was driven by respondent-defendant. The verdict was for the plaintiff for $200.00. Plaintiff's motion for a new trial was overruled and he appealed to the Court of Appeals. The Court of Appeals reversed the judgment of the trial court, overruling his motion for a new trial. As stated in the respondent-defendant's petition for certiorari, the Court of Appeals based "* * * its reversal on the sole ground that during the trial of the case appealed counsel for your Petitioner [defendant] improperly argued inferences to the jury from an exhibit *claimed* by the Court of Appeals not to have been in evidence." (Emphasis added)

 Indeed, the Court of Appeals did more than "claim" that the evidence argued was not in evidence. It held, categorically, that the evidence argued as a fact was not in evidence. The Court of Appeals also held that such argument was prejudicial and reversed the trial court in overruling the motion for new trial on that ground. We cannot review or revise this finding. We are bound to affirm the holding of the Court of Appeals since, on a review by certiorari of the judgments and opinions of that court, we are bound by the findings of fact by the Court of Appeals and may not go to the record.

Eminent counsel for both sides argue certain excerpts from the record but not mentioned in the opinion of the Court of Appeals. We are not permitted under our limited review to consider any of the evidence not set out by the Court of Appeals. As stated, supra, the sole ground upon which the motion for new trial was rested was the argument by defendant's counsel of certain evidence which was never introduced at the trial. We cannot affirm that the finding by the Court of Appeals, that the argument was prejudicially erroneous, was incorrect.

Following are some of the cases supporting the above statement of the rule of certiorari: Dept. of Industrial Relations

v. Walker, 268 Ala. 507(2), 109 So.2d 135; Pigford v. Billingsley, 264 Ala. 29, 84 So.2d 664; Bruner v. Eubanks, 250 Ala. 100, 33 So.2d 376; Southeastern Construction Co. v. Robbins, 248 Ala. 367(9), 27 So.2d 705; Sims v. Warren, 248 Ala. 391, 27 So.2d 803; Hale v. Layer, 247 Ala. 10, 22 So.2d 349; Harris v. State, 247 Ala. 194, 23 So.2d 514; City of Birmingham v. Lynch, 240 Ala. 24, 197 So. 48; Hill v. State, 237 Ala. 539, 187 So. 873.

Writ denied.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.