# 674

189 So.2d 470

**Michael Charles SHERIDAN**

v.

**STATE of Alabama.**

**I Div. 389.**

Supreme Court of Alabama.

Aug. 4, 1966.

Matranga, Hess & Sullivan, Mobile, for petitioner.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., opposed.

GOODWYN, Justice.

Petition of Michael Charles Sheridan for a writ of certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Sheridan v. State, 187 So.2d 294, (1 Div. 81.)

Sheridan v. State, Court of Appeals' 1 Div. 81, was consolidated in the Court of Appeals with Sheridan v. State, Court of Appeals' 1 Div. 82. The judgment of conviction against petitioner in 1 Div. 82 was reversed. In 1 Div. 81, the judgment against him was affirmed.

In affirming 1 Div. 81, the Court of Appeals said:

"As to 1 Div. 81, we consider there was sufficient evidence to support the judgment of conviction of the possession of the pistol, contrary to the statute in such cases made and provided. That judgment will stand affirmed."

It is this part of the Court of Appeals' opinion which petitioner seeks to have reviewed by certiorari. The writ must be denied.

It is well settled that, on certiorari to the Court of Appeals, we do not examine the evidence shown by the record to see if it supports conclusions of that Court on its effect. See: Clayton v. Ragsdale, 276 Ala. 321, 322, 161 So.2d 804; Williams v. City of Birmingham, 272 Ala. 671, 673, 133 So. 2d 718; Stiles v. Lambert, 266 Ala. 184, 94 So.2d 788; Pigford v. Billingsley, 264 Ala. 29, 30, 84 So.2d 664; Barber Pure Milk Co. v. Young, 263 Ala. 100, 102, 81 So.2d 328; Mutual Sav. Life Ins. Co. v. Osborne, 247 Ala. 252, 254, 23 So.2d 867. The following apt statement is from Williams v. City of Birmingham, supra:

"It is apparent that petitioner is asking us to review the Court of Appeals on a finding of fact. Petitioner's contentions can be supported only by a reference to the original record, and as the opinion of the Court of Appeals does not set out the facts in extenso, we are foreclosed from further inquiry into the facts of the case. * * * That rule of review by certiorari is of long standing. * * *"

Writ denied.

LIVINGSTON, C. J., and COLEMAN, J., concur.

LAWSON, J., concurs specially.

LAWSON, Justice (concurring specially):

I agree that the petition for writ of certiorari filed by Sheridan in 1 Div. 81 (Docket Number of Court of Appeals) 187 So.2d 294 should be denied. But I feel that it should be expressly pointed out that we have not been called upon to review the decision and judgment of the Court of Appeals in its 1 Div. 82 and that we have not approved the decision and judgment of that court in its 1 Div. 82 in any respect. Particularly do I think that it should be pointed out that we have not approved the holding in 1 Div. 82, supra, to the effect that the search of the glove compartment of the automobile by one of the arresting officers at the time of the arrest constituted an illegal search and seizure requiring the operation of the exclusionary rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081. The case of Knox v. State, 42 Ala.App. 578, 172 So.2d 787, cited by the Court of Appeals in support of its holding is, in my opinion, clearly distinguishable on its facts. Cf. United States v. Gorman, 2 Cir., 355 F.2d 151.