HOLMES, Judge.
The appellee-Mayse left his automobile with appellant Anniston Lincoln-Mercury in order for the latter to make certain repairs on the automobile. While the vehicle was in the care of Anniston Lincoln-Mercury it was stolen.
Mayse sued Anniston Lincoln-Mercury for the loss of his automobile. After a hearing ore tenus the trial judge entered a judgment in favor of Mayse and against Anniston Lincoln-Mercury.
Able counsel for Anniston Lincoln-Mercury in an excellent brief argues that the evidence presented is not sufficient to support a judgment in favor of Mayse. Put another way, the appellant argues that there was insufficient proof that the theft of the vehicle was the result of Anniston Lincoln-Mercury’s negligence.
The record reveals the following facts:
Mayse, during the week of August 5, 1975, left his car with Anniston Lincoln-Mercury for repairs to his tail lights. Later that week, he [Mayse] inquired as to whether the car was repaired. Mayse was informed that it was not but that the automobile would be ready the first thing Monday morning. On Sunday, the automobile was *950 stolen from Anniston Lincoln-Mercury. Mayse specifically testified that an agent of the Lincoln-Mercury establishment informed him that the keys had been left in the car.
The only other witness was the service manager of Anniston Lincoln-Mercury. He testified that the appellee’s car had been entrusted to Anniston Lincoln-Mercury’s care for certain repairs. The service manager’s testimony showed that the appellee’s vehicle was placed inside the garage of the business establishment, where cars are repaired, by the service manager; that the keys were left in the ignition switch; that a small door in the rear of the business was broken into. This door had been locked. The front door of the garage was not locked, but opened only from the inside. The service manager further testified that no other vehicles were stolen and that the doors of the vehicles owned by Anniston Lincoln-Mercury which are left overnight on the premises are normally locked.
As noted earlier, with these facts before it, the trial court found in favor of the automobile owner and against the automobile repair shop.
It is clear to this court, as it is to both able counsel, that the appellant Anni-ston Lincoln-Mercury was a bailee for hire, and as such, owed a duty of ordinary care toward the bailed property. It is equally as clear that where a bailee of goods for hire, upon demand made, fails to redeliver them or does not account for a failure to make delivery, as we have here, prima facie negligence will be imputed to him, and the burden of proving a loss without want of ordinary care is devolved upon him. See Dixie Drive It Yourself System, Mobile Co. v. Hames, 253 Ala. 132, 43 So.2d 143; 2A Ala. Digest Bailment &wkey;31(l).
The query then becomes: Has, as a matter of law, the automobile repair establishment shown it was not guilty of negligence or lack of ordinary care? In answering this question, this court must bear in mind that the conclusions of the trial judge, after hearing testimony and passing on facts, have the same force as a verdict of a jury and will not be disturbed on appeal unless palpably wrong or unless the judge fails to give due regard to the controlling legal principle as applied to the facts addressed. See 2A Ala. Digest Appeal and Error 1008(1).
In this instance, we cannot say as a matter of law that the undisputed facts fail to constitute negligence. Mayse’s automobile was left unlocked, with the keys in the ignition, near the garage door which could be easily opened by anyone who gained admittance to the inside of the building. While any one of these three factors might prove insufficient to constitute negligence as a matter of law, considered in sum, they sustain a finding of negligence. In a similar case, less evidence than that contained here has sustained such a finding. Fox Chevrolet Sales v. Middleton, 203 Md. 158, 99 A.2d 731.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.