The issue presented by this writ of certiorari, granted to review the Court of Civil Appeals, is whether the error of the trial court in compelling Rubert Vail to testify over his invocation of the privilege against self-incrimination was so prejudicial as to require reversal. We hold it was and will reverse the decision of that court and remand the cause to it.
For a complete account of this divorce action, see the Court of Civil Appeals' opinion, Vail v. Vail, 360 So.2d 994
(Ala.App. 1977) [Ms. 14 September 1977]. For the purposes of our inquiry the following facts, found by the Court of Civil Appeals in its opinion, will suffice:
 "The facts with regard to this matter are as follows. On February 26, 1976 the appellee filed a petition for divorce. On the same date the trial court entered an order granting her exclusive use of the common residence of the parties.
 "At the trial the wife and her son were both questioned as to the appellant-husband's actions prior to February 26, 1976. They gave testimony that prior to the date of the petition he had begun to keep late hours — often coming home as late as 3:00 a.m. The wife testified that she suspected her husband of having an affair with a woman named Sally Hunter. The son testified that while driving by the home of Mrs. Hunter he had seen the family boat there, and had stopped and talked to his father and Mrs. Hunter who were together at that time. There was also testimony concerning acts of adultery between the husband and a second woman.
 "Furthermore, both appellee and appellant testified that after the divorce petition *Page 993 
had been filed, Mrs. Hunter had gone to the appellee's home and asked her `to give her husband up.'
 "On the basis of this testimony the trial judge compelled the husband, over the invocation of his constitutional privilege against self-incrimination, to testify on cross examination about his sexual activities with Mrs. Hunter. This testimony concerned activities which had occurred after the filing of the petition for divorce. * * *"
The Appeals Court conceded "* * * the trial court erred in compelling appellant [Rubert Vail] to testify about his adulterous relationship with Sally Hunter." However, a majority of that court held:
 "Despite the fact that the trial court forced appellant to give testimony about his extramarital activities in violation of his privilege against self-incrimination, appellant was not prejudiced by the court's action. * * *"
The Appeals Court stated the controlling rule of law enunciated by this court as:
 "* * * where a cause is tried before a trial court without a jury, admission of illegal evidence raises a presumption of injury and requires reversal of judgment unless remaining evidence is sufficient to support the judgment. * * *"
A crucial factor is omitted in this statement. This court inPigford v. Billingsley, 264 Ala. 29, 84 So.2d 664 (1956); quoting Deal v. Houston County, 201 Ala. 431, 78 So. 809
(1918), said:
 "* * * `It has long been the rule that where a cause is tried by the court without a jury, the admission of illegal evidence raises the presumption of injury, and requires the reversal of the judgment unless the remaining evidence is without conflict and is sufficient to support the judgment.'" (emphasis added) See also Liberty National Life Insurance Co. v. Harrison, 274 Ala. 43, 145 So.2d 219 (1962).
In order for the remaining evidence to overcome the presumption of injury, in addition to being supportive of the judgment, that evidence must also be without conflict. We must now proceed to determine whether or not the remaining evidence, other than that compelled over claim of constitutional privilege, is without contradiction.
In their briefs, both parties agree there is a conflict present in the evidence as to adulterous activities between Rubert Vail and Sally Hunter prior to the filing of the divorce action. However, Rachael Vail contends this conflicting evidence does not justify reversal of the divorce decree because Rubert Vail was not injured by that evidence since the divorce was granted on the grounds of irretrievable breakdown of the marriage and incompatibility of temperament, not adultery. We cannot agree.
Although the trial court did not grant the divorce on the ground of adultery, injury to Rubert Vail must be assumed from the large amount of property awarded the wife by the judgment. This assumption is favored by the fact that the illegal evidence was obtained by violation of Rubert Vail's constitutional privilege against self-incrimination. It is generally recognized that the misconduct of one of the parties to a divorce action is relevant to a determination of the amount of the alimony award. Gamble v. Gamble, 53 Ala. App. 168,298 So.2d 254 (1974), cert. den. 292 Ala. 721, 298 So.2d 260
(1974).
Because there is conflict in the remaining legal evidence, it cannot overcome the presumption of injury which arose from the admission of the illegal evidence. We cannot know to what extent the trial court was influenced by the evidence illegally obtained. Therefore, the decision of the Court of Civil Appeals is reversed and the action remanded to that court.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON and BEATTY, JJ., concur.
SHORES, J., not sitting. *Page 994