In this divorce case, the marriage was dissolved because of the husband's adultery.
Upon the wife's appeal, she argues that the division of property was inequitable to her and that the award of periodic alimony was inadequate. Each of such matters falls within the trial court's judicial discretion, whose decision thereon will not be disturbed upon appeal except where such discretion was palpably abused. Also, since the case was orally tried before
the circuit court, it is presumed that the final judgment was factually correct if it was supported by credible evidence. Dyev. Dye, *Page 463 406 So.2d 420 (Ala.Civ.App. 1981); Chernau v. Chernau,396 So.2d 1061 (Ala.Civ.App. 1981); Coffelt v. Coffelt,390 So.2d 652 (Ala.Civ.App. 1980).
We cannot visualize how any benefit would inure to the parties, to their counsel, or to precedent if we detailed or summarized the evidence herein. We have carefully studied the excellent briefs of counsel and the entire record has been read and reviewed. There was evidence which was supportive of the decision of the trial court. The circuit court was not palpably wrong and did not abuse its discretion. Accordingly, this court cannot say that the trial court was in error concerning the property division or the alimony award.
After both of the parties had testified and just before resting as to the presentation of the evidence, the wife's attorney announced that he was calling the husband's paramour as a witness. Counsel for the husband stated that he had talked to the proposed witness, who reserved her right not to testify on the ground of self-incrimination. The husband had testified that he had left his home in September 1980, and immediately moved into a house with his lady friend, where they had resided together since that time, and that he had sired a son by her, the son being born in February 1982. The trial court stated that the witness had a privilege not to testify about her relationship with the husband and that a number of items which the husband had testified about were not in dispute. Upon an inquiry from the trial court as to whether the wife's attorney could make a showing regarding disputed matters about which the witness would testify, counsel for the wife concluded, "[I] do not know whether or not her testimony would add anything to what has already been brought before the Court this morning." The trial court observed that the witness' relationship with the husband was undisputed in view of the husband's own testimony, that she had a right to claim her fifth amendment privilege against testifying as to that relationship and as to their living arrangements, and that the contributions thereto by them were undisputed and uncontroverted. The court determined that the witness would add nothing to the proceeding and sustained the objection. The adverse ruling constitutes one of the wife's present issues.
As to those matters protected by the fifth amendment, the husband's paramour had the right to invoke her privilege against self-incrimination. Vail v. Vail, 360 So.2d 992 (Ala. 1978). Here, the wife did not make a specific offer of what she expected to prove by any unprivileged answer of the witness so as to place it in the record for appellate purposes under Rule 43 (c), A.R.Civ.P.; indeed, it was indicated to the trial court, in substance and effect, that her testimony would be merely cumulative. The husband's evidence regarding himself and his paramour was uncontroverted on material matters and it largely consisted of his in-court admissions, as a witness, which were contrary to his own interest. Counsel was unable to assure the court that the proposed witness would testify as to any contested fact which had not already been admitted by the husband. Under those circumstances, we not only find no error in sustaining the objection, but we must hold that, if there was error, it was harmless. Rule 45, A.R.A.P., Rule 61, A.R.Civ.P.; Chambers v. Culver, 289 Ala. 724, 272 So.2d 236
(1973); Pigford v. Billingsley, 264 Ala. 29, 84 So.2d 664
(1956). In short, when cumulative evidence is offered as to an uncontroverted and admitted fact, the trial court does not err in sustaining an objection to its introduction.
We affirm.
The wife's request for an award of an attorney's fee upon appeal is denied.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 464